ETHEL L. CONKLIN, Respondent, v. FRANK W. SAMPSON and Stein S. Johnson, Copartners, Doing Business under the Firm Name and Style of City Bakery, and Alvin Helseth.

FRANK W. SAMPSON and Stein S. Johnson, Copartners, Doing Business under the Firm Name and Style of City Bakery, Appellants.

(213 N. W. 847.)

**Verdict — evidence supports verdict.**

The evidence is examined and held sufficient to support the verdict.

Opinion filed May 6, 1927.

Motor Vehicles, 42 C. J. § 1043 p. 1232 n. 23.

Appeal from the District Court of Ward County, *Lowe*, J.
Affirmed.

*Lewis & Bach* and *C. J. Vogel,* for appellants.

"In an action against an owner in such a case, the question whether the chauffeur driving the car was acting within the scope of his employment is the controlling one, and the question of the ignorance or consent of the owner has no bearing upon his liability."     Davis v. Anglo-American Auto Tire Co. 145 N. Y. Supp. 341.

In order to hold the owner of a machine liable for negligence of an employee driving or operating it, the burden is on the plaintiff to show that such person is the agent, servant, or in the employ of such owner, and was at the time operating or driving the same in the service of the owner.     Dirkes v. Ensign Omnibus & Transfer Co. (Neb.) 186 N. W. 525.

*B. H. Bradford,* for respondent.

The fact that the person operating or driving the car had been recently in the employ of the owner, that the car had been used in the manner and in the locality where the owner usually used the same, and for a purpose not inconsistent with the owner's business, is evidence of employment and service to be considered by the jury.     Dirks v. Ensign Omnibus & Transfer Co. 186 N. W. 525.

BIRDZELL, Ch. J.     An automobile negligently driven by one Helseth collided with a car owned by the plaintiff, causing damages for which the plaintiff recovered in the trial court.     The only question presented in this court on an appeal from the judgment is as to whether the evidence is sufficient to support the verdict rendered against the defendants, Helseth's employers.     The testimony bearing upon the matter may be briefly summarized as follows:     The car Helseth was driving was one owned by the defendants and used in connection with their bakery business to deliver bakery goods to the stores about town.     Helseth was employed as the driver of the car.     He kept the car at his house with the knowledge of the defendants, except in rainy weather when he might take it to a garage, the defendants paying the bill.     Helseth was supposed to be through with his work for the day at six o'clock, but frequently he would return to the bakery in the evening after supper to check in his day's work.     He might drive the car to and from the bakery on such occasions and also at meal times.     There is no evidence that Helseth at the time of the occurrence of the accident in question,

at about 7:30 or eight o'clock in the evening, was "on a frolic of his own," save as such might be inferred from the hour. In view of the evidence showing that he was ordinarily in charge of the car twenty-four hours in the day and of the use to which it was put with the knowledge of the defendants, we cannot assume from the mere fact that the accident happened out of hours that Helseth was not acting in the course of his employment.

The judgment is affirmed.

BURKE, BURR, CHRISTIANSON, and NUESSLE, JJ., concur.