[File No. 6872.]

MORRIS ZETTLE and Herbert Zettle, Respondents, v. JOHN
LUTOVSKY, Appellant.

(7 NW(2d) 180.)

Opinion filed December 21, 1942.

*DePuy & DePuy,* for appellant.

*Price & Price,* for respondents.

BURKE, J. In this action plaintiffs sought to recover for damage to their automobile which was partially demolished in a collision with a pick-up truck owned and operated by the defendant. It was alleged in the complaint that the collision was proximately caused by the negligence of the defendant. In his answer defendant denied generally all of the allegations of plaintiffs' complaint and asserted that the negligence of the driver of plaintiffs' car contributed proximately to cause the collision. A trial of the action in district court resulted in a verdict and judgment for plaintiffs. Thereafter the defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial. This motion was denied by the trial court and defendant has appealed both from the order of denial and from the judgment. The specifications of error may be summarized under two headings:

1. That the evidence is insufficient to show any actionable negligence upon the part of the defendant.

2. That the evidence affirmatively shows that the driver of plaintiffs' car was guilty of contributory negligence as a matter of law.

On the day of the collision plaintiffs had loaned their car to one D. L. Moffett. Mr. Moffett with his wife and daughter in the car left his home in the vicinity of Park River intending to drive to Grafton. He proceeded east on state highway No. 17. As he approached the intersection of highway No. 17 with highway No. 8, defendant in his "pick-up" truck, driving upon highway No. 8, was approaching the same intersection from the north. At the intersection the two vehicles

collided. In the collision Mr. Moffett received injuries from which he died within a few days, the other occupants of the vehicles were also injured more or less seriously and both cars were substantially damaged. The accident occurred just before noon on a clear day. The highways traversed a level plain, there were no intervening buildings or trees and it is clear that as both drivers approached the intersection, each had a clear and unlimited view of the highway over which the other was traveling. Upon highway No. 8, at a point 375 feet north of the intersection was a sign bearing the admonition "Slow," and at a point 252 feet north of the intersection a second sign bearing the warning "Junction." The defendant testified that he approached the junction at a speed of 18 miles per hour, that he "thought" he saw the warning signs, that at a point about 10 rods north of the intersection he looked both ways for cars approaching on highway No. 17, and saw none, that he never saw the other car and did not know what had happened until someone told him after the collision. Both Mrs. Moffett and her daughter testified: They both saw the defendant's truck approaching. Neither could remember the distance the truck was from the intersection at the time they first noticed it. Mrs. Moffett saw the truck by looking through the windshield. The daughter who was riding in the back seat saw it by looking through the window of the rear door. Neither mentioned the approaching truck to Mr. Moffett, but they "thought" he saw it. Mrs. Moffett testified that her husband usually drove between 25 and 30 miles per hour and she believed that the car was traveling within those limits on this occasion. Mr. Moffett sounded the horn several times. He would blow the horn quite awhile and then blow it again and then quit. He did that several times. Mrs. Moffett said defendant's truck seemed to pick up speed as it approached the intersection, sho also testified that her husband applied the brakes and the daughter said that he turned to the right or towards the south immediately before the collision. After the collision the defendant's truck came to rest in an upright position at a point 107 feet southeast of the intersection after striking a telephone pole with sufficient force to move it appreciably in its setting. Plaintiff's car came to rest just southeast of the intersection, lying on its left side and headed west. The testimony of the sheriff of Walsh county

and the photographs of the vehicles which are exhibits in the case show that the point of impact upon defendant's car was upon the spare tire which was carried in a fender well at the rear of the right front fender and that the point upon the plaintiffs' car was at the forward end of the left front fender. The sheriff testified that there was a concentration of broken glass at a point which was on the center line of highway No. 8 and about half way between the center line and the south side of highway No. 17. He also said that there were marks on highway No. 17 extending for a distance of 7 or 8 feet to the west of the broken glass which he believed evidenced the application of the brakes of the plaintiffs' car.

Upon this evidence we have no hesitancy in saying that the question of defendant's negligence was at least one of fact for the jury. His own testimony discloses that he did not maintain the lookout which ordinary prudence would require of him upon approaching a junction of which he had been warned.

There remains the question, was the driver of plaintiffs' car guilty of contributory negligence as a matter of law? In support of their contention that the record does not show such contributory negligence, the plaintiffs rely chiefly upon the claim that the driver of their car had the right of way. They cite subdivision (a) of § 18 of chapter 162, Laws of 1927, which is as follows: "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right except as otherwise provided in § 19. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

Upon the record before us this statute is applicable in the case. Some contention is made by the defendant that it does not apply because he says that he entered the intersection first. It may be that he did, but certainly he did not enter it sufficiently in advance of plaintiffs' car so that it may not be said that both the vehicles entered the intersection at approximately the same time.

The possession of the right of way by a driver of a vehicle does not absolve him of the necessity of exercising due care. He has a right to assume that the driver of the less favored vehicle will obey the law,

but the right is one which must be exercised reasonably and not recklessly. Wyble v. Lafleur (La App) 164 So 461; Koehler v. Thom, 285 Mich 593, 281 NW 336; Block v. Peterson, 284 Mich 88, 278 NW 774; Jamieson v. Gerth, 61 SD 514, 249 NW 921; Shockett v. Akeson, 310 Mass 289, 37 NE (2d) 1015. The driver of the favored vehicle may not continue to rely upon the assumption that he will be given the right of way after circumstances develop from which a reasonable person would conclude that the driver of the approaching vehicle did not intend to yield the right of way. Block v. Peterson, 284 Mich 88, 278 NW 774, and Jamieson v. Gerth, 61 SD 514, 249 NW 921, supra.

There is evidence in this case which, defendant says, shows that Mr. Moffett either realized or as a reasonable person should have realized that the defendant had no intention of stopping or slowing down to allow him to cross the intersection first. His wife testified that defendant's truck appeared to pick up speed as it approached the intersection. Mr. Moffett sounded the horn several times. Two blasts on the horn, a long and a short, were repeated at intervals. Defendant argues that this evidence shows that Mr. Moffett's insistence upon his right of way was so reckless that it amounted to contributory negligence as a matter of law.

The instruction of the trial judge to the jury upon this point was specific. He said: "If it appeared to Mr. Moffett that his right of way to pass through the intersection was not being observed by the driver of the pick-up then it was the duty of Mr. Moffett to stop or turn aside by the exercise of due care and if he failed to do so the Zettles in this case cannot recover." This question was thus squarely presented to the jury as a question of fact, under an instruction, which if erroneous, was so because it was too favorable to the defendant. The jury decided the question in favor of the plaintiffs and we cannot say that the evidence to the contrary is so conclusive that the decision must be held to be incorrect as a matter of law. Mr. Moffett died within a few days after the accident. It is his acts, his observations, and his conclusions, not those of his wife who sat silently by, which are controlling. Conceding that his wife's impression was correct, it may be that he did not see that defendant's truck moved faster as it ap-

proached the intersection. He was not required to watch it constantly. Pederson v. O'Rourke, 54 ND 428, 209 NW 798. Ordinary prudence would demand that his attention should be focused at least a part of the time upon the job of driving his own car. The fact that he sounded the horn several times as he approached the intersection does not of necessity require the conclusion that he was aware of conduct on the part of the defendant which would indicate that the defendant did not intend to yield the right of way. It could be argued that he sounded the horn out of an excess of caution as well as that he did so out of recklessness.

In our consideration of this case we have adopted the theory upon which the case was tried in the district court and upon which it was submitted to this court on appeal. At no time during the course of the proceedings did the plaintiffs contend that contributory negligence of plaintiffs' bailee was not a defense to the action. In fact it appears that plaintiffs conceded it was a proper defense if it could be established. The fact that we have considered the questions as presented is not to be construed as a holding on our part that the negligence of a bailee will preclude recovery by a bailor for injury to his automobile. That question was not before us and is not decided.

The judgment of the trial court is affirmed.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, and MORRIS, JJ., concur.