## UMLAND v. FRENDBERG.

### No. 7421.

Supreme Court of North Dakota.

March 12, 1954.

Strutz, Jansonius & Fleck, Bismarck, for plaintiff and respondent.

F. E. McCurdy, Bismarck, for defendant and appellant.

MORRIS, Chief Justice.

The plaintiff in this action seeks to recover $400 damage to his automobile and $70 for the loss of its use for approximately six days. A jury was waived and the case was tried to the court by stipulation of the parties. The basis of the action is a collision between the plaintiff's automobile and that of the defendant, which the plaintiff alleges was due to the defendant's negligence. The defendant, on the other hand, denies that he was negligent and alleges that, if the plaintiff's property suffered any damage, the negligence and the carelessness of the plaintiff contributed proximately thereto.

The trial court found that plaintiff's damages were caused by the negligent operation of the defendant's automobile by the defendant and that there was no contributory negligence on the part of the plaintiff. He awarded damages in the sum of $362.41. From a judgment entered in accordance with the trial court's findings and order for judgment, the defendant appeals and demands a trial anew in this court.

Under the provisions of Section 28–2732, NDRC 1943, on appeal from an action tried by the court without a jury, whether triable by a jury or not,

> "The supreme court shall try anew the questions of fact specified in the statement or in the entire case, if the appellant demands a retrial of the entire case, and shall finally dispose of the same whenever justice can be done without a new trial, and shall either affirm or modify the judgment or direct a new judgment to be entered in the district court."

Under the provisions of this section the supreme court must review and weigh the evidence independently of the trial court's

findings. But in doing so this court will give those findings appreciable weight. This is especially true when the findings are based upon the testimony of witnesses who appeared in person before the trial court. Knell v. Christman, N.D., 59 N.W. 2d 293, and cases therein cited.

The accident in question occurred at about 2:30 p. m., June 9, 1951, on U. S. Highway No. 10, about twenty miles east of Jamestown. The plaintiff testifies that he was driving about fifty miles an hour in an easterly direction. The defendant, going at about the same speed, had been for some time traveling in the same direction about a block ahead of the plaintiff. As the defendant approached an intersection of No. 10 with another highway running north and south near the town of Eckelson, the defendant got over on the left, or north, side of the road. The plaintiff "figured" that the defendant would turn back again into the right lane but instead of doing that the defendant turned sharply to the left and struck a car coming from the opposite direction. The defendant had applied his brakes about seventy-five feet before the collision occurred. The plaintiff also applied his brakes, slowed down a bit, and then released them. When the collision occurred the plaintiff was going not over thirty-five miles an hour. When the defendant's car collided with the car traveling in the north traffic lane his car bounced back and hit the plaintiff's car just as the plaintiff was passing in the south lane, resulting in the damages for which this action is brought. The plaintiff testifies that he was about ten or twelve feet behind the Frendberg car when the collision took place and that the Frendberg car was bunted from north to south a distance of ten or eleven feet until it hit the plaintiff's car.

A Mrs. Frankenberger was the owner of and riding in the car that first collided with the Frendberg car. Her car was being driven by Mrs. Frankenberger's sister-in-law. Her father and daughter were also passengers. This party was driving westward on No. 10 toward Jamestown. She describes the accident this way:

"Well, I couldn't exactly say how long. I saw that my sister-in-law and I both saw him, and I says, 'Take to the ditch.' Then he went back like he was going for his own side of the road, so we kept to going; and all of a sudden he went into us."

Mrs. Frankenberger also testified that the Frendberg car hit hers on the left front wheel and knocked it under the engine. The Frankenberger car was stopped instantly with two wheels in the ditch and two wheels on the road. She also said that the Frendberg car "bounced right back on the highway" and "His car bounced just like a rubber ball bounces."

The sheriff of Barnes County testified that he reached the scene of the accident shortly after three o'clock. There he found three cars that had been in an accident. One car was in the ditch on the north side of the highway; one was on the south side of the highway facing east; and the Frendberg car was across the road facing north at a little angle northeast and southwest. He found glass and debris "Way over the center line and closer to the north side." He also testified that there were tire burns on the highway where the Frendberg car had been shoved back and forth on account of the two collisions.

The defendant's version of the accident is as follows:

"I was going to take that road to Eckelson. A little beyond that underpass I was going around between fifty and sixty and began to slow down and turned my left-hand signal on and started edging over toward the road to where I was going to turn off. Then as I was going along, I held my hand on that signal light because it automatically turns out. Well, I had to be sure, so I held it down. Then I looked into the left-hand lane to be sure it was clear so I could make a turn. I took special care. I don't hear; and when I'm driving, my attention is on the road because there is no radio or anything to bother me at all. The road was entirely clear.

"And then I started to make the turn; and just as I got over, bang. That is the way the thing happened."

Neither Mrs. Frankenberger nor the plaintiff saw the defendant's signal lights.

As bearing upon the defendant's negligence, we call attention to these statutes:

Section 39–1011, NDRC 1943, which provides:

"The driver of a vehicle intending to turn at an intersection:

"1. * * *

"2. When intending to turn to the left, shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left."

Section 39–1017, NDRC 1943, requires that:

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right * * *."

It is obvious from our summary of the testimony that in approaching the intersection the defendant violated Section 39–1011, supra. If the defendant actually reached the intersection before turning to the left, a matter concerning which the evidence is in dispute, when he turned his vehicle he was on the left with respect to any other vehicle approaching the intersection in the north lane from the east. It is clear that the Frankenberger car was approaching the intersection at approximately the same time from the defendant's right and it therefore had the right-of-way. Under these circumstances it became the duty of the defendant to look out for and give to the Frankenberger car the right-of-way. This he failed to do. His failure to do so was the proximate cause of the collision between the defendant's car and that belonging to Mrs. Frankenberger, which resulted in defendant's car being bounced back into plaintiff's traffic lane. The negligence of the defendant with respect to both collisions is clearly established. Vance v. McCleary, 168 Wash. 296, 11 P.2d 823.

In Boyd v. Close, 82 Colo. 150, 257 P. 1079, 1080, it is said:

"If cars approach each other on a straight track, each on the right-hand side of the road, and neither turn, no question of precedence can arise. But he who turns, thus transferring the other from his left to his right, must yield. Otherwise, no rule governs, and 'the race is to the swift and the battle to the strong.'"

As a result of the collision with the Frankenberger car the Frendberg car was bounced back and into the side of the plaintiff's car as the plaintiff was passing in the south lane of traffic. For injury to his car resulting from the second collision, the plaintiff seeks recovery here. The defendant urges that recovery is barred by the contributory negligence of the plaintiff. The chain of events which resulted in the injury to the plaintiff's car was set in motion by the negligence of the defendant and unless the contributory negligence of the plaintiff intervenes he is entitled to recover.

Section 39–1009, NDRC 1943, provides that:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway."

Highway No. 10 at and near the point where the accident occurred is paved with a surfacing known as blacktop, twenty-four feet in width. On each side of this pavement is a shoulder with a surfacing of gravel or thin blacktop. Outside of the shoulders are ditches which vary in depth according to drainage necessities.

As he approached the point where the accident took place the plaintiff was

driving about a block behind the defendant. Both were traveling at about the same speed and had been doing so for seven or eight miles. The plaintiff saw the defendant going over to the center of the road. He slowed up until he was eighty or eighty-five feet behind the defendant. After a short distance the plaintiff released his brakes. He says:

"I let them up because I thought it would be clear sailing, that's what I figured."

The record further discloses the following:

"Q. At the time you let up on your brakes, there was one car coming west from the east, wasn't there? A. Yes.

"Q. There was also Frendberg who had slowed down and yourself who had just barely put on your brakes and then let them up again, that's right, isn't it? A. I guess so, yes.

"Q. You didn't have any idea and didn't know that there was the makings of a pile-up there when Frendberg was there making a turn and a car coming at him from the east and you coming at him from the west, and so you let up on your brakes and kept on going. A. I figured I'd get by.

"Q. You thought you could get by, and you couldn't. A. But I had the right-of-way because I had lots of room. He could have just as well flew the other way.

"Q. Then, according to your testimony, this collision between Frendberg and the other car must have occurred before your collision with Frendberg. A. That's right.

"Q. That would be a very short time, wouldn't it? A. Yes.

"Q. How far behind Frendberg do you think you were at the time of his collision with the other car, with the car that was going west? A. Oh, I'd judge ten or twelve feet."

And again plaintiff says Frendberg's car was bounced back "Clear as far as it could go until it hit me. * * * Halfway off of the tar on the other side."

"The standard to be used in determining whether or not plaintiff has been guilty of such contributory negligence as will defeat recovery is whether the actions of the plaintiff were those of an ordinary prudent person under the same circumstances and in the same position." Bagg v. Otter Tail Power Co., 70 N.D. 704, 297 N.W. 774, 775.

Of course, if the plaintiff's car had not been passing behind the defendant's car as it turned and collided with the Frankenberger car, the second collision would not have occurred. But we cannot infer that the plaintiff was negligent merely because his car was in the path of the backwardly bouncing car of the defendant. Neither does it appear that the plaintiff was violating Section 39-1009, NDRC 1943, providing that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent. When the accident occurred the plaintiff was not following but was passing behind the defendant who had turned out of the plaintiff's lane of traffic. The plaintiff was not bound to anticipate that the defendant would negligently handle his car in such a manner as to create a traffic hazard.

"There is a natural presumption that every one will act with due care; and it cannot therefore be imputed to a plaintiff as contributory negligence that he did not anticipate culpable negligence on the part of the defendant." Ruehl v. Lidgerwood Rural Telephone Co., 23 N.D. 6, 135 N.W. 793, L.R.A. 1918C, 1063, Ann. Cases 1914C, 680.

The driver of a motor vehicle approaching an intersection has the right to assume that others likewise approaching the intersection will observe the law of the road. Pederson v. O'Rourke, 54 N.D. 428, 209 N.W. 798. The plaintiff cannot be charged with contributory negligence because he relied on that assumption, unless the circumstances were such that a reasonable person would conclude that the defendant

intended to disregard the law in a manner likely to create a hazardous situation. Under the circumstances here presented, the plaintiff was not bound to anticipate the hazard created by the defendant's negligence in time to avoid the second collision. Zettle v. Lutovsky, 72 N.D. 331, 7 N.W.2d 180.

We agree with the trial court in his finding that the plaintiff's damages were caused by the negligent operation of defendant's automobile and that the defendant failed to establish a defense of contributory negligence on the part of the plaintiff. The judgment is affirmed.

BURKE and SATHRE, JJ., concur.

GRIMSON, Judge (dissenting).

I am unable to concur in the opinion of the majority of the court. My conclusion from the evidence is that the plaintiff was guilty of contributory negligence.

The evidence shows that the plaintiff had been following the defendant going east on U. S. Highway No. 10, east of Jamestown, at about the same speed and about a block distant. On approaching Eckelson, where the defendant claims he was intending to turn north on a crossroad, plaintiff saw the defendant apply his brakes and slow down. Plaintiff then gained on defendant and approached within 85 feet of defendant's car. Plaintiff then applied his brakes but almost immediately released them. Before that, however, he had seen defendant's car swerve north across the center line of the highway and back again. He had also seen a car approaching from the east. He testifies:

"Q. You could see, and you saw, that he was starting to turn left, that is going toward the center of the road? A. Yes.

"Q. You knew then that there was something unusual when you saw him apply his brakes and start to turn? A. I didn't know what he had in his mind.

"Q. But you saw him do that, didn't you? A. Yes. * * *

"Q. Then how long did you travel while your brakes were applied? A. It wasn't very far.

"Q. How far in your best judgment? A. 10 feet.

"Q. Did you apply your brakes hard? A. No.

"Q. Just easy? A. Yes.

"Q. Then you let them up again? A. I let them up because I thought it would be clear sailing, that is what I figured.

"The Court: How is that?

"Witness: I figured I had clear going.

"Q. (By Mr. McCurdy) You saw this car coming from the east, didn't you? A. Yes. There was more of them coming, too.

"Q. There was one in particular that—A. I wasn't watching that close because I was watching my car.

"Q. You weren't watching the car coming from the east? A. That didn't bother me. I had my right-of-way, and that car was coming the right way."

Then follows the testimony set out in the majority opinion hereby referred to.

In Bagg v. Otter Tail Power Co., 70 N.D. 704, 297 N.W. 774, 778, the court says:

"The standard to be used in determining whether or not a plaintiff has been guilty of such contributory negligence as will defeat a recovery is whether the actions of the plaintiff were those of an ordinarily prudent person under the same circumstances and in the same position. Heckman v. Evenson, 7 N.D. 173, 73 N.W. 427. See, also, Morrison v. Lee, 16 N.D. 377, 113 N.W. 1025, 13 L.R.A.,N.S., 650."

The evidence shows that the plaintiff, when he was 85 feet back of defendant's car,

saw the defendant driving his car in the middle of the highway, wavering as to whether he was turning north or back into the right lane of the highway ahead of plaintiff. Plaintiff also saw the car coming from the east on its right side of the highway and it must have been very close because the plaintiff had only traveled 73 of the 85 feet he was behind defendant's car when that car and the defendant's car collided. It should have been clear to the plaintiff that defendant would either turn north and risk collision with the closely approaching west bound car or turn into the right lane in front of plaintiff.

Plaintiff, however, paid no attention to those two cars but released his brake and sailed forward at 35 miles per hour, watching only his car, until the first collision happened when he was only 12 feet behind defendant's car. Because the plaintiff had not been watching the cars before him and had driven up so close he had gotten himself into a perilous position. To get so close to another car under the circumstances was contrary to Section 39–1009, NDRC 1943, which provides:

> "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway."

After the first collision defendant's car recoiled diagonally to the southwest into the path of the onrushing car of the plaintiff. The defendant's right, rear bumper and fender bumped into the plaintiff's left, front fender and wheel causing the damage complained of.

It is contended that the plaintiff had a right to be there as he had the right of way and that he did not have to anticipate any hazardous situation that might occur. That would be true had there been no circumstances to warn him that danger might ensue. It is not sufficient to have the right of way nor to rely on the presumption that everybody will obey the rules of the road. Even if the driver has the right of way he may not wholly disregard other cars on the highway. The driver of an automobile must pay attention to the traffic and to the situation existing at that particular time. On seeing circumstances on the highway that might develop into danger he must use all care to avoid trouble. It is still his duty to take every reasonable precaution to avoid a collision with another automobile even if such automobile was violating the rules of the road.

The circumstances hereinbefore set out as to the manner of the defendant's driving, from which the plaintiff said he could not tell what the defendant was going to do, and the close approach of the west bound car were circumstances which should have put him on notice that he might not have a clear right of way. Under the circumstances here I do not believe the actions of the plaintiff were those of an ordinarily prudent man. Such a man would watch the cars ahead of him and remain far enough behind to keep out of trouble. The plaintiff could have done that. He neglected his duty in that respect.

In 5 Am.Jur., Automobiles, Sec. 298, p. 667, it is said that if the driver of an automobile on approaching an intersection "has reason to think that because of the other driver's negligence he will not be accorded the right of way, it becomes his duty to do what he can to avoid collision, as by stopping or turning aside, failure to do which is contributory negligence." See also Zettle v. Lutovsky, 72 N.D. 331, 7 N.W.2d 180 and cases cited. 27 A.L.R. Annotation VI, p. 509.

In Bagg v. Otter Tail Power Co., 70 N.D. 704, 297 N.W. 774, Par. 4 of the Syllabus by this court reads:

> "Even though the defendant is shown to have been guilty of negligence, no recovery can be had by plaintiff when the injury is due to the negligence of both parties."

Even if defendant's negligence caused the first collision that does not relieve the plaintiff from his own negligence in failing to pay attention to the traffic ahead of him, releasing his brakes and driving within 12

feet of defendant's car. Had plaintiff not driven ahead so fast the second collision would not have happened. Clearly the negligence of the plaintiff in that respect contributed to the second collision. That negligence was the proximate cause of the second collision. Neither party should recover. The case should be dismissed.