Florence SATTERLAND, a single woman,
Plaintiff and Appellant,

v.

Leo FIEBER, Defendant and Respondent.

No. 7695.

Supreme Court of North Dakota.

Aug. 15, 1958.

**624**

Cox, Pearce & Engebretson, Bismarck, for appellant.

Lord & Ulmer, Mandan; Roy A. Ployhar, Valley City, for respondent.

BURKE, Judge.

In this action plaintiff sued for damages for injuries received by her while riding as a passenger in a car which collided with a car operated by the defendant. At the trial of the case, issues as to the negligence of the defendant, the negligence of the driver of the car in which the plaintiff was riding and the contributory negligence of the plaintiff were submitted to the jury. The jury returned a verdict for the dismissal of the action and judgment was entered accordingly. Thereafter plaintiff moved that the verdict of the jury be set aside, that the court order judgment in favor of the plaintiff upon the question of negligence and order a new trial upon the question of damages alone or in the alternative grant a new trial upon all issues.

Upon the motion for a new trial upon the question of damages alone, it is plaintiff's contention that the evidence in the case establishes, as a matter of law, that her injuries and damages were proximately caused by the negligence of the defendant and that there is no evidence in the record sufficient to warrant the jury in finding any contributory negligence on her part. On the other hand the defendant urges that the evidence does not warrant a finding of negligence on his part but establishes that plaintiff's damages were proximately caused by the negligence of the driver of the car in which plaintiff was a passenger and by plaintiff's own contributory negligence.

The collision which produced plaintiff's injuries occurred near the intersection of U. S. Highway 10 and an access road which leads from the Village of Dawson. Prior to the collision the car in which plaintiff was riding was proceeding in a northwesterly direction toward Highway 10 upon the access road. Highway 10 is a through or arterial highway. Mrs. Larson, the driver of the car, in which plaintiff was a passenger, testified that she stopped at the "stop sign", located near the entry to Highway 10 and looked both ways for cars approaching the intersection. She saw no cars approaching from the east but saw defendant's vehicle approaching from the west at a distance which she estimated to be five or six blocks. She then entered the intersection, crossed to the north lane thereof and was proceeding in a westerly direction in the north lane of the highway when the defendant's car suddenly turned to the northeast, crossed the center line of the highway, entered the north lane thereof and collided with her car. In this testimony, Mrs. Larson is corroborated by the plaintiff and a second passenger.

The defendant's version of the events leading to the collision is in conflict with

that of Mrs. Larson. He stated that he was proceeding eastward in the south lane of Highway 10 at a speed of 50 to 60 miles an hour. When he was about 300 feet west of the intersection he saw the Larson car entering the intersection. At that time it was on the south edge of the highway and moving slowly forward. He stated he assumed that the Larson car would stop and allow him to pass to the north of it and that he continued eastward for about 200 feet without applying his brakes. When he was about 100 feet away from the Larson car he realized that it was not going to stop and he turned to the northeast to pass to the north of it in the north lane of the highway and at the same time applied his brakes lightly. At a distance of about 50 feet from the Larson car, he saw that he was not going to be able to pass and applied his brakes with full force. The right front of his car struck the left front end of the Larson car. He stated that at the time of the collision the Larson car was headed in a northwesterly direction and that it was diagonally across the center line of the highway. When the cars came to rest after the collision defendant's car was headed slightly north of east with its left front wheel slightly in the ditch to the north of the highway and the other three wheels on the north shoulder of the highway. The Larson car was headed slightly east of north with its front wheels on the north shoulder and its rear wheels north of the center line of the highway. The point of impact, as shown by debris left on the highway, was 4½ feet north of the center line. Extending from the point of impact, in the direction from which defendant's vehicle had approached, were 42 feet of heavy skid marks and 37 feet of light skid marks. The two lines of heavy skid marks were both in the north lane of the highway. There were no skid marks attributable to the Larson car. The main portion of the highway was 26 feet wide and there is a surfaced shoulder on each side 6 feet wide. The shoulders are safe for travel.

Defendant was travelling on a preferred highway and his testimony is that he expected that his preferred right would be honored by the driver of the Larson car, and that he acted on that expectation; that when he realized his right was not being honored it was too late to avoid a collision though he did his best to do so. There is no question but that the defendant had a right to expect the Larson car to yield the right of way. It was the driver's duty to heed the "stop sign" by stopping before entering the intersection and ascertaining if it was safe for her to enter the favored through highway. Marsden v. O'Callaghan, N.D., 77 N.W.2d 522, 529. However, it might well be inferred from defendant's own testimony that he was overly aggressive in asserting his right of way and that his failure to note that the Larson car was not yielding the right of way, at a time when the collision could still have been avoided, demonstrated a failure to keep a proper lookout or other lack of ordinary prudence on his part. Questions of negligence and probable cause are ordinarily for the jury and it is only where the evidence is such that reasonable men can draw but one conclusion therefrom that they become questions for the court. Goulet v. O'Keeffe, N.D., 83 N.W.2d 889; Schweitzer v. Anderson, N.D., 83 N.W.2d 416; Geier v. Tjaden, N.D., 74 N.W.2d 361. Thus where a finding of negligence depends on inference, the fact that the inference is possible or even probable is not sufficient to take the question from the jury. Before the question becomes one for the court, the facts must be such that they compel reasonable minds to accept the inference. The evidence of defendant's negligence in this case is not of that character and we therefore hold that the question of his negligence was properly submitted to the jury. It follows that plaintiff's motion for a new trial, on the question of damages alone, was properly denied.

Upon the appeal from the order denying a new trial upon all issues the first specifi-

cation to be considered is that the trial court erred in submitting the question of plaintiff's contributory negligence to the jury. Plaintiff is an elderly woman. She was totally blind in her left eye and her vision in her right eye was diminished to some extent. At the time of the accident she was a passenger in the right front seat of the Larson car.

The only evidence relating to any possible negligence on her part is as follows:

"Q. You all looked in directions. You looked in one and they looked one or two? A. I think we all looked to the right about the same time.

"Q. And then you decided— A. And the highway was clear.

"Q. You decided among you that the highway was clear, is that right? A. That is right.

"Q. That is when Mrs. Larson proceeded ahead onto the highway? A. Well I don't know as she looked in any other direction or not. I haven't any idea."

We think this testimony is clear. From it, it appears that plaintiff accepted some responsibility in determining that the through highway was clear to the right and there is no question but that it was clear in that direction. There is no evidence whatever that she participated in deciding that the road was clear to the left, the side on which the danger lay.

■■■ While the rules pertaining to evidence of negligence, set forth above, also apply to evidence of contributory negligence we are satisfied that the evidence here is not sufficient to warrant the submission of the question of plaintiff's contributory negligence to the jury. Defendant's argument to the effect that plaintiff participated in deciding that the through highway was clear in both directions is based upon a distortion of her testimony. She was not charged with the duty of keeping a lookout. Simmons v. Leighton, 60 S.D. 524, 244 N.W. 883. Her duty was to inform the driver of any peril of which she was aware. Wilson v. Oscar H. Kjorlie Co., 73 N.D. 134, 12 N.W.2d 526. It was therefore error to submit the question of contributory negligence to the jury. This error was prejudicial and the order denying a new trial must therefore be reversed.

■■ While what we have said so far disposes of this appeal, there is another specification of error that requires consideration for the reason that the question presented will probably arise upon a new trial. This is the specification relating to Patrolman Weible's testimony. Over objection Weible was allowed to testify that in his opinion the Larson car, at the time of impact, was diagonally across the center line of the highway with the rear of the car extending across the south lane of traffic. This testimony is subject to two infirmities. In the first place the foundation for it was insufficient. The witness stated that his opinion was founded upon the fact that, after the collision, the Larson car had left some skid marks "right on the edge of the north shoulder of the road." He did not explain how skid marks on the north shoulder of the road indicated that the car was blocking the south lane of the highway at the time of the collision. On the basis of this evidence it appears that his opinion was no more than a rash conjecture. In the second place if there had been skid marks or other physical evidence from which it could be reasonably inferred that the Larson car was blocking the south lane of the highway at the time of the collision, the jury was well qualified to draw that inference without the help of an opinion from a patrolman. It is a fundamental rule of evidence that an expert may not give an opinion on facts and circumstances which men in general are capable of understanding and upon which they may form an intelligent opinion. 32 C.J.S. Evidence § 445, p. 73. This rule has been applied with respect to inferences that may be

drawn from skid marks left by cars involved in collisions. Danner v. Walters, 154 Neb. 506, 48 N.W.2d 635; Thornbury v. Maley, 242 Iowa 70, 45 N.W.2d 576; Beckman v. Schroeder, 224 Minn. 370, 28 N.W.2d 629. We think it clearly applies here.

The order of the District Court denying a new trial is reversed and a new trial upon all issues is granted.

G⁊ MSON, C. J., and JOHNSON, SATIRE, and MORRIS, JJ., concur.