Sylvia AUSTINSON, Plaintiff and Respondent,

v.

Robert KILPATRICK and Sherriff's Ltd., Defendants and Appellants.

No. 7835.

Supreme Court of North Dakota.

Aug. 18, 1960.

Rehearing Denied Oct. 3, 1960.

Day, Stokes, Vaaler & Gillig, Grand Forks, for defendants and appellants.

W. T. DePuy, Grafton, for plaintiff and respondent. Lyman Brink, Hallock, Minn., and Olson & Holmquist, Warren, Minn., of counsel.

BURKE, Judge.

Plaintiff brought this action to recover damages resulting from the death of her husband. In her complaint she alleged that her husband's death was proximately caused by the negligent operation of a motor vehicle by the defendant, Kilpatrick. She joined Sherriff's Ltd. as a party defendant and alleged that, at the time of the negligent operation of the motor vehicle by Kilpatrick, he was an employee of Sherriff's Ltd. and acting within the scope of such employment. The trial of the case resulted in a verdict and judgment in favor of the plaintiff. After judgment the defendants moved for judgment notwithstanding the verdict or for a new trial. This alternative motion was denied by the trial court and defendants have appealed from the order denying the motion and from the judgment.

As a ground for judgment notwithstanding the verdict both defendants urge that the evidence discloses that, as a matter of law, plaintiff's decedent's own negligence contributed proximately to cause his injury and death. As a further ground for judgment notwithstanding the verdict, the defendant, Sherriff's Ltd. contends that the evidence affirmatively establishes that the defendant, Kilpatrick, was not acting within the scope of his employment with

Sherriff's Ltd. at the time of the death of plaintiff's decedent. We shall consider these grounds in the order stated.

Plaintiff's decedent met his death as the result of a collision between a car driven by him and a car driven by the defendant, Kilpatrick. The collision occurred at the junction of Highways 44 and 17 in Walsh County. Immediately prior to the collision Kilpatrick was proceeding northward on Highway 44 and Austinson was proceeding westward on Highway 17. Kilpatrick testified that, as he approached the intersection in question, he did not deliberately look to the right or left but that he "took the intersection in view" as much as he could, "which would be quite a distance through the front windshield" and that he "didn't see any cars coming." The surface of the highway was loose gravel and he was driving at about forty miles an hour. He first saw the Austinson car when it was directly in front of him. He stated "I just saw a flash and there was the impact right there." The Kilpatrick car struck the Austinson car broadside. The main force of the impact appears, from the pictures in evidence, to have been exerted against the left front door of the Austinson car. The collision occurred in the northeast quadrant of the intersection. The Austinson car, after the collision, came to rest in the ditch at the northwest corner of the intersection while the Kilpatrick car stopped on the highway. Its front wheels were on the west shoulder of Highway 44 and its rear wheels extended back to the north side of Highway 17. At the time of the collision the passengers in Kilpatrick's car were asleep. Austinson was killed so Kilpatrick was the only surviving witness. There is no evidence that either driver attempted to stop or take other action to avoid the collision. There were tracks leading back from the point of collision 76 feet eastward on Highway 17. There is no suggestion that these tracks were skid marks. It was assumed that they were indentations left by the wheels of the Austinson car in the loose gravel. It also appeared that a stop sign had been erected at the entry to Highway 44 from Highway 17 but that some workers, repairing the highway, had taken the sign down and that at the time of the collision the sign was lying in the ditch on the north side of the highway.

It is the defendant's contention that he was driving upon a through highway, that he had a legal right to assume that any traveler on the inferior highway would obey the law by stopping and assuring himself that it was safe to proceed before entering the through highway and therefore he was not negligent in proceeding as he did. It is also contended that Austinson was negligent as a matter of law, both in driving into Highway 44 directly in front of Kilpatrick and in not stopping before entering.

On the other hand, the plaintiff's urge that, since the stop sign was down, that at least in so far as Austinson was concerned, the intersection had ceased to be controlled, and that therefore Austinson, in approaching the intersection upon Kilpatrick's right had the right to assume that Kilpatrick would yield. It is also said that, since Austinson could not testify as to what he saw or what he did, it will be presumed that he acted with reasonable care.

■ The respective rights and duties of drivers approaching an intersection of a through highway with an inferior highway where the intersection is protected by a stop sign located on the inferior highway, are well settled. In such a case the driver upon the through highway does not have an exclusive privilege which would require those crossing it to do so at their own risk. Subject to the qualification that he does so in the exercise of reasonable care, he has the right to anticipate that a driver approaching on an inferior highway will heed the stop sign by stopping and ascertaining if it is safe to proceed before entering the intersection. Satterland v. Fieber, N.D., 91 N.W.2d 623; Marsden v. O'Callaghan, N. D., 77 N.W.2d 522.

■ In this case the circumstances pose the question of the extent to which these rights and duties are altered by the fact that the stop sign guarding the entry to the through highway from the inferior highway had been removed to facilitate repairs and then had not been replaced by the repair crew upon the completion of the repairs. This fact could not affect the rights and duties of the driver upon the through highway. If he did not know that the stop sign had been removed, he had a right to assume that it was in place and to govern his conduct accordingly. On the other hand, if the driver on the inferior highway did not know that he was approaching a through highway, he had the right, in the absence of a stop sign, to assume that the highways were of equal status, and that the driver approaching the intersection from his left would yield the right of way. Schmit v. Jansen, 247 Wis. 648, 20 N.W. 2d 542, 162 A.L.R. 925. The failure of the repair crew to replace the stop sign, in effect, created a death trap into which each of the travelers might have driven in the exercise of due care. In the circumstances the failure to yield the right of way would not be negligence as a matter of law on the part of either party. Schmit v. Jansen, supra; Chambers v. Donaldson, 122 Cal. App.2d 452, 264 P.2d 950; Murphy v. Mc-Hughes, La.App., 66 So.2d 525.

The defendants also urge that, even if it be conceded that Austinson was under no duty to stop and assure himself of a safe crossing before proceeding into the intersection, the circumstances of the accident demonstrate, as a matter of law, that he was not in the exercise of due care when he entered the intersection and that such absence of care or negligence contributed proximately to cause the collision. Upon this contention it is pointed out that the intersection where the collision occurred is located in the level terrain of the Red River Valley and that the vision of both drivers along the intersecting highways was unobstructed for a distance of at least two miles. As each driver approached the intersection he had the other driver clearly within his view and would have seen him if he had looked. At the time of the collision the front end of Austinson's car had reached the center of Highway 44 and the Kilpatrick car had just crossed the center line of Highway 17. Each car had traveled approximately the same distance into the intersection at the time of the collision and therefore they must have entered the intersection at approximately the same time. There was no evidence of skid marks or of other physical facts which indicated that either driver had taken any action to avoid the collision or minimize its effects. From these facts it is argued that Austinson failed to keep a proper lookout or that, if he kept a proper lookout and observed the other driver approach the intersection, he entered the intersection rashly in unjustifiable reliance upon his assumed right of way and in complete disregard of his own safety.

■ Questions of negligence and proximate cause are ordinarily for the jury and it is only where the evidence is such that reasonable men can draw but one conclusion therefrom that they become questions of law for the court. Satterland v. Fieber, N.D., 91 N.W.2d 623; Goulet v. O'Keefe, N.D., 83 N.W.2d 889; Schweitzer v. Anderson, N.D., 83 N.W.2d 416. Tested by the above rule the evidence in this case falls short of making the question of contributory negligence one for the court. The defendant, Kilpatrick, testified that as he approached the intersection he may have slowed up slightly and then speeded up again just before he entered the intersection. Since there is no evidence in the record which requires a contrary inference, it may be presumed that Austinson was exercising due care and maintaining a proper lookout. Quam v. Wengert, N.D., 86 N.W. 2d 741. The jury could reasonably have found that Austinson, maintaining a proper lookout, noticed the Kilpatrick car reduce its speed as it approached the intersection and that therefore his assumption that Kilpatrick would obey the law and yield the

right of way was in conformity with the conduct expected of an ordinarily prudent man and therefore not negligent. Zettle v. Lutovsky, 72 N.D. 331, 7 N.W.2d 180. It follows that the evidence in this case does not establish contributory negligence as a matter of law.

The separate ground for judgment notwithstanding the verdict, urged on behalf of the defendant, Sherriff's Ltd., is based upon the contention that there is no proof in the record that Kilpatrick was in the course of his employment with Sherriff's at the time of the collision. The record shows that Kilpatrick was a salaried salesman in the employ of Sherriff's. Sherriff's was engaged in the business of manufacturing and selling food products in Canada. It did no business in the United States. Kilpatrick's sales territory included parts of Western Ontario and Manitoba. For use in his employment he was furnished a company car. This car was used by him exclusively and was available to him for both business and personal use, but he was required to account to the company and pay five cents a mile for all personal driving in excess of thirty-five miles a week. The company paid all the expenses for gasoline and oil and upkeep. Special permission had to be obtained from the company for unusual personal use. In August 1952, Kilpatrick made arrangements with his employer to use the car upon his annual vacation. The arrangement was exactly the same as that for ordinary personal use of the car, that is to say: he was to pay the company five cents a mile for all miles travelled and the company was to pay for gasoline, oil and other maintenance. On his vacation he and his family drove to Minneapolis, Minnesota. On this trip he made no calls for his employer either in Canada or the United States. The accident occurred in the United States while he was returning to Canada at the close of his vacation.

Plaintiff asserts that these facts create a presumption that Kilpatrick was, at the time of the accident, acting within the scope of his employment and that this presumption makes the question of whether such was the case a question of fact for the jury. In support of this proposition counsel cites the cases of Clark v. Feldman, 57 N.D. 741, 224 N.W. 167; Hoffer v. Burd, 78 N.D. 278, 49 N.W.2d 282; and Conklin v. Sampson, 55 N.D. 375, 213 N.W. 847. As we view it none of these cases is in point. In Hoffer v. Burd, Burd, at the time of the accident in which he was involved, was returning to his place of employment after a week of selling on the road. He had with him in his car all the orders he had taken during the week and the catalogues of his employer's products. In Clark v. Feldman, supra, the employee, a driver of a delivery truck, was involved in an accident during his regular hours of employment and upon the streets of the city which he would have occasion to use in the course of his employment. In Conklin v. Sampson, the only evidence that the employee was not in the course of his employment was that the accident occurred at 7:30 P.M. and that he usually went off duty at 6:00 P.M. There was other evidence that he frequently returned to his place of employment in the evening to check his day's work. In the instant case the situation is entirely different. Here the employee was using the employer's car during his annual vacation under a rental agreement and the accident took place not only outside of the limits of his sales territory, but in a foreign country in which his employer did no business whatever.

The rule in this state is, that when it appears from the evidence that a motor vehicle was owned by the defendant and was operated by one who was employed for that special purpose and in the manner in which such vehicles are usually operated, the jury may, or may not, infer from such facts that the agent was acting within the scope of his employment, and whether such inference should be drawn from the facts proven and the sufficiency of the evidence to overcome the inference are questions

of fact for the jury. Clark v. Feldman, 57 N.D. 741, 224 N.W. 167; Hedine v. Meyer, 57 N.D. 908, 224 N.W. 906; Carlson v. Hoff, 59 N.D. 393, 230 N.W. 294. In this case therefore the plaintiff is not aided by a technical or artificial presumption which is effective in the absence of evidence. She had the burden of establishing by competent proof that Kilpatrick was acting within the scope of his employment with Sherriff's Ltd. at the time of the accident. In order to sustain this burden, she was required to produce evidence which would warrant a rational inference that such was the case. Here the employer's vehicle was not being used in the manner or in the place where it would have been used in the course of the employee's employment. In our view the only reasonable inference that may be drawn from the evidence is that the defendant, Kilpatrick, was not acting in the scope of his employment with Sherriff's Ltd. at the time of the accident. Judgment notwithstanding the verdict in favor of Sherriff's Ltd. should therefore have been granted.

As a basis for a new trial defendants have specified errors in the instructions, errors in the admission and exclusion of evidence and prejudicial misconduct upon the part of the attorneys for the plaintiff and the trial judge. The first of the challenged instructions is as follows:

"You are therefore instructed that when two vehicles approach an intersection so nearly at the same time that there would be imminent danger of a collision if both continued the same course at the same speed the vehicle on the left shall yield to the vehicle on the right."

By this instruction the trial judge informed the jury that it was the defendant, Kilpatrick's duty to yield the right of way to Austinson. Defendants say that this instruction was erroneous because, at the intersection in question, the highway upon which Kilpatrick was traveling was a favored or through highway. The statute governing the establishment of through highways is Section 39-0703 NDRC 1943. It reads as follows:

"The commissioner with reference to state highways, and local authorities, with reference to highways under their jurisdiction, may designate main traveled or through highways by erecting signs at the entrances thereto from intersecting highways notifying drivers of vehicles to come to a full stop before entering or crossing such designated highway. Whenever such signs have been erected, no driver of any vehicle shall fail to stop in obedience thereto. * * *"

The procedure for establishing through highways, as provided by the above statute, is exceedingly informal. No resolution or record order is necessary. The establishment is accomplished merely by the erection of stop signs.

The record in this case establishes that a stop sign had been erected at the entry to Highway 44 from Highway 17. Presumably the sign had been erected by proper authority. Highway 44 had therefore been established as a through highway at the intersection in question. Prior to the occurrence of the events with which we are here concerned a repair crew had taken the stop sign down and had failed to replace it. At the time of the collision, it was lying in the ditch beside the road. The fact that the authorized stop sign was not in place would excuse a traveler on Highway 17, who did not know that Highway 44 was a through highway at this intersection from stopping. It would not, however, affect the legal duty of a driver on Highway 44 in any degree. Such a driver would not have the legal duty of yielding the right of way as the trial judge instructed the jury. Schmit v. Jansen, 247 Wis. 648, 20 N.W.2d 542, 162 A.L.R. 925. The instruction was therefore erroneous and since it related to the very essence of the issues in the case it was prejudicial.

While a new trial must be granted in this case because of the above prejudicial error in the instructions, there are certain other specifications of error which will be considered because they present questions which will probably arise upon a retrial of the case.

Error is specified upon the refusal of the trial judge to give an instruction requested by defendants which was as follows:

"I charge you that if you find that plaintiff's decedent, Mr. Austinson, was acquainted with the nature of Highway #44, as a through highway, then the fact that someone had improperly removed the stop sign does not excuse his failure to stop if you so find he did fail to stop."

 There can be no question but that, under the state of the evidence, the refusal of the trial judge to give this instruction was proper. There is no evidence in the record that Highway 44 had been established as a through highway at any intersection other than at its intersection with Highway 17. The record does not show that Mr. Austinson had prior experience with this intersection. There is therefore nothing in the record to warrant an inference that Mr. Austinson knew that Highway 44 was a through highway at this intersection. A refusal of an instruction which is inapplicable under the evidence is not error. Bolen v. Dolph, 62 N.D. 700, 245 N.W. 259; Killmer v. Duchscherer, N.D., 72 N.W.2d 650; Lake v. Neubauer, N.D., 87 N.W.2d 888.

 Closely related to the foregoing discussion is the specification that it was error for the trial judge to refuse to admit testimony to the effect that Austinson was well acquainted with the fact that Highway 44 was a through highway at an intersection approximately 15 miles south of the intersection at which the collision occurred. Upon cross-examination of Mrs. Austinson it was established that over a period of 10 years, the Austinsons had made frequent trips by automobile from their home in Minnesota to the home of Mrs. Austinson's parents in North Dakota and that five of such trips had been made in the spring and summer of the year in which this accident happened. It was also established that each of these trips required a crossing of Highway 44. The usual place of crossing was at the intersection of Highway 44 and Highway 54. Mrs. Austinson was asked if there were stop signs on Highway 54 at this intersection. An objection to the relevancy of the question was sustained. We are agreed that the exclusion of this testimony was proper. Under the law of this state (Section 39–0703) supra, a highway is a through highway only at the intersections where stop signs have been erected and evidence that a highway is a through highway at one intersection is not evidence that the highway had been designated a through highway at other intersections. It follows that knowledge by a driver of a motor vehicle that a highway is a through highway at one intersection does not require such driver to assume, in the absence of a stop sign, that the highway is a through highway when he approaches it at another intersection with which he is not familiar.

 Error was also specified upon the exclusion of testimony relating to the settlement of a prior law suit in which the Kilpatricks were plaintiffs and the estate of D. H. Austinson, deceased, was the defendant. This law suit was founded upon the same collision with which we are here concerned. It was defendants' theory that the settlement and payment of damages to them by Mr. Austinson's insurer constituted an admission of negligence on Austinson's part and a bar to the present action. A compromise, however, is not an admission of the validity or invalidity of a disputed claim. 15 C.J.S. Compromise and Settlement § 22, p. 737. It is not binding on persons not parties to the settlement or in privity with a party thereto. 15 C.J.

S. Compromise and Settlement § 28, p. 747. Since the plaintiff in the instant case was not a party to the settlement nor in privity with a party the compromise was not binding on her and the evidence was therefore properly excluded.

There were many other specifications of error upon this appeal. They do not relate directly to any of the issues in the case and we do not consider that the questions presented will arise upon a retrial of the case. They are therefore not considered.

The judgment of the district court is reversed. Judgment for a dismissal of the case against Sherriff's Ltd. is directed and a new trial is granted with respect to the defendant Kilpatrick.

SATHRE, C. J., and TEIGEN, STRUTZ and MORRIS, JJ., concur.