## King v. Cawood.

(Decided February 24, 1928.)

### Appeal from Harlan Circuit Court.

1. Judges.—A judge proceeding within scope of his jurisdiction is not liable, in action for damages, for opinion he may deliver as such judge or for rule or action he may take for conduct or business of his court, without regard to whether he was actuated by malice or corrupt and impure motives.

2. Judges.—When a judge acts illegally and without the limits of his jurisdiction, he becomes a trespasser and is liable in damages.

3. Breach of the Peace.—Where plaintiff was brought before a justice of the peace on charge of assault and put on trial, since he was in the court's presence and already in custody, the justice, under Criminal Code of Practice, secs. 382, 383, could require him to give peace bond without charge or motion therefor or hearing evidence thereon.

4. Justices of the Peace.—Where, in action for false imprisonment, defendant alleged that court without jurisdiction required him to give a peace bond, and, in default thereof, he was committed to jail, since complaint did not allege that no information was given on oath to the magistrate that defendant was about to commit violence, or that he was not guilty of conduct in magistrate's presence showing he would commit offense against another's person and property, it is conclusively presumed he was properly before court, and magistrate had jurisdiction to require peace bond.

5. Justices of the Peace.—Since, while sitting as a court to pass on a motion of disqualification under Criminal Code of Practice, sec. 52, alleging that defendant could not be afforded a fair trial, a justice of the peace is a judicial officer exercising a judicial function, the mere filing of the affidavit and motion to have him retire does not divest him of jurisdiction to try case.

6. Justices of the Peace.—Where, in prosecution before a justice of the peace, affidavit was filed by defendant under Criminal Code

of Practice, sec. 52, stating that he could not be afforded a fair trial, even though the justice erred in holding the affidavit insufficient and refused to retire, his subsequent acts in requiring defendant to execute peace bond were not void.

LEE & SNYDER for appellant.

FORESTER & CARTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

In this action by J. W. King against Joe Cawood, for false imprisonment, a demurrer was sustained to the petition and the petition was dismissed. King has appealed.

Briefly stated the facts alleged in the petition are these: King was marshal of the town of Evarts, and Cawood was justice of the peace for district No. 2 in Harlan county. For some time the defendant had been seeking to involve plaintiff in some sort of litigation or criminal prosecution, in order to deprive him of his office. On June 5, 1926, Cawood procured some one to make an affidavit before him charging plaintiff with having committed an assault upon, or offense against, the person of one A. L. Vanover, and issued a warrant for the arrest of plaintiff, charging him with said offense. Plaintiff was arrested under the warrant and brought before the defendant on June 7, 1926, and put upon his trial under said charge. At the conclusion of the trial, there being no evidence whatever introduced against plaintiff connecting him with said charge, or of having committed any public offense, Cawood required of him a peace bond in the sum of $5,000, without any charge whatever against him in regard to the peace warrant, and without any proof whatever being heard or introduced on the question of requiring a peace bond of plaintiff. Plaintiff, being unable to execute the peace bond immediately, was committed to jail by the defendant and confined there from June 7 to June 8, 1926. At the time of said commitment, and during a long time prior thereto, the defendant had been hostile to plaintiff, and within a day or two before said time had threatened personal violence and had drawn a weapon on plaintiff and refused to permit him to take a prisoner which he had out of defendant's store.

Upon the calling of the case in which plaintiff was charged with assault on Vanover, plaintiff filed his affi-

davit setting forth that the defendant could not and would not give him a fair and impartial trial or examination of the matter then pending, and moved the court to vacate the bench and permit another justice of the peace to try the case. Upon the filing of the affidavit it was the duty of the defendant to vacate the bench and permit the peace officer having plaintiff in charge to take him before another magistrate to be examined or to have continued the case in order that the peace officer might notify another magistrate to attend and preside in the case, but the defendant, in violation of law, willfully, maliciously, and corruptly refused to vacate the bench, or to permit any other magistrate to proceed with the hearing. The defendant then proceeded to hear evidence which was introduced therein, and at the conclusion of all the evidence, there being no evidence to sustain the charge or any charge against plaintiff, the defendant maliciously, willfully, and corruptly determined to inflict punishment on the plaintiff by requiring of him the execution of a peace bond in the sum of $5,000, when no such case had been before him; and no charge had been preferred against plaintiff. The order, which the defendant made and enforced against plaintiff, was not in any case pending before him, or upon which plaintiff had been tried, or upon which any hearing had been had, but was purely a malicious, arbitrary, and unauthorized order for the purpose of inflicting punishment on plaintiff. By reason of the said wrongful, malicious, and corrupt acts of the defendant, who was without jurisdiction, plaintiff was arrested, imprisoned, greatly humiliated, and deprived of his office to his damage in the sum of $5,000.

It would be a serious handicap to the administration of justice if judges, while acting within their jurisdiction, were held liable in damages for errors of judgment. Hence it has long been a settled rule of law, applicable to all grades of judicial officers, from the highest to the lowest, that a judge who is proceeding within the scope of his jurisdiction is not liable in an action for damages for the opinion he may deliver as such judge, or for any rule or action he may take for the conduct of the business of his court, and this without regard to whether he was actuated by malice or corrupt and impure motives. On the other hand, when a judge acts illegally, and without the limits of his jurisdiction, he becomes a trespasser and is liable in damages. McBurnie v. Sullivan, 152 Ky. 686,

153 S. W. 945, 44 L. R. A. (N. S.) 1186, Ann. Cas. 1915A, 155; Rammage v. Kendall, 168 Ky. 26, 181 S. W. 631, L. R. A. 1916C, 1295.

It is insisted that the facts pleaded show that Cawood was acting without his jurisdiction as justice of the peace. The first basis of this contention is that there was no charge or motion for a peace bond, and that no evidence was heard on the question. The applicable provisions of the Criminal Code are as follows:

"Sec. 382. A person may be arrested for the purpose of requiring of him security to keep the peace, or for his good behavior, in the following cases:

"(1) Upon the complaint on oath, of a person threatened, to a magistrate, that the defendant has threatened to commit an offense against his person or property, and upon the magistrate being satisfied, by examination on oath of the complainant or others, that there are reasonable grounds to fear the commission of the offense threatened.

"(2) Upon information given on oath to a magistrate, by any person, that the defendant is about to commit violence endangering human life, or is about to commit an offense amounting to a felony, and the magistrate being satisfied, by an examination on oath of the informant or others, that there are reasonable grounds for apprehending the commission of such violence or felony.

"(3) If a magistrate or court be satisfied, by the conduct or words of a person in the presence of such magistrate or court, or from proof given before such magistrate or court, that there are reasonable grounds for apprehending that such person will commit an offense against the person or property of another.

"Sec. 383. If the defendant be in the presence of the court or magistrate, a peace officer shall be verbally directed by the court or magistrate to take him into custody. If not in the presence of the magistrate, he shall issue a warrant of arrest. directed to any peace officer of the county, or city, or town, commanding him to arrest the defendant and bring him before the magistrate. The complaint, information, or proof, shall be briefly recited in the warrant."

Under these sections the magistrate has the power to act (1) upon complaint on oath, (2) information on oath, and (3) on the conduct or words of a person in his presence. If the defendant be in the presence of the court, a peace officer shall be verbally directed to take him into custody. Here the defendant in that proceeding was in the presence of the court, and already in custody, and no further steps were necessary.

While it is alleged that no charge requiring a peace bond was made, and that no evidence was heard on the charge, it is not alleged that no information was given on oath to the magistrate that the defendant was about to commit violence endangering human life, or that the defendant was not guilty of any conduct or words in the presence of the magistrate tending to show that there were reasonable grounds for apprehending that the defendant would commit an offense against the person or property of another. Whether or not if it had been alleged, the allegations would have been sufficient to show a want of jurisdiction on the part of the magistrate, we need not inquire. It is sufficient to say that in the absence of such allegations it will be conclusively presumed, in the circumstances here presented, that the defendant was properly before the court, and that the magistrate had jurisdiction to require a peace bond, unless there be merit in appellant's next contention, which will now be considered.

The second ground on which it is insisted that Cawood was acting without his jurisdiction as justice of the peace is that, upon the filing of the affidavit of King stating that the justice of the peace would not afford him a fair trial, it was his duty to retire from the case, and all his subsequent acts were void.

Section 52, Criminal Code, is as follows:

"If a defendant shall make and present his affidavit that he does not believe that he can secure a fair trial, and examination, before the judge, officer, or justices constituting the court, he or they shall retire from the case, and another or other magistrates shall take his or their places; but where only one of the two justices is objected to, he only shall retire from the case, and another justice shall take his place. When a judge or justice has retired from the case, by reason of the filing of the affidavit as pro-

vided above, and his place has been supplied by another judge or justice, no affidavit can be filed nor objection made, by the party first objecting, to parties then constituting the court.''

When sitting as a court to pass upon a motion a justice of the peace is a judicial officer exercising a judicial function. Hence the mere filing of an affidavit and motion to have him retire does not divest him of jurisdiction to try the case. Even if he errs in holding the affidavit insufficient, and refuses to retire, his subsequent acts are not void. Schobarg v. Manson, 110 Ky. 483, 61 S. W. 999, 22 Ky. Law Rep. 1892; Galbraith v. Williams, 106 Ky. 431, 50 S. W. 686, 21 Ky. Law Rep. 79. As the facts pleaded do not show that appellee was acting beyond his jurisdiction, it follows that the demurrer to the petition was properly sustained.

Judgment affirmed.