Kurz, Appellant, vs. Kuhn and others, Respondents.

*January 9—February 5, 1929.*

For the appellant there was a brief by *Morgan & Johns* of Appleton, and oral argument by *John Morgan*.

For the respondents there was a brief by *Frank, Wheeler & Pelkey* of Appleton, and oral argument by *F. F. Wheeler*.

ROSENBERRY, J. We shall dismiss without further consideration the claim made by the defendants that the plaintiff and the defendant Kuhn were engaged in a joint enterprise. That matter is fully discussed in *Sommerfield v. Flury, ante,* p. 163, 223 N. W. 408, decided herewith. Under the doctrine laid down in that case the relation between Kurz and Kuhn was that of guest and host.

There was a square conflict in the testimony, and a finding by a jury either for or against the plaintiff would have to be sustained. This is not a case where a standard of care has been prescribed either by statute or decision. What would a person in the exercise of ordinary care, being that care which the great mass of mankind under the same or similar conditions would exercise, do when confronted with

a situation such as confronted the defendant Kuhn in this case? Before it can be determined whether or not the defendant Kuhn was negligent, some ascertainable standard of care must be set up. Such a standard of care can only be derived from common knowledge of what the great mass of people do under the same or similar circumstances. That standard in this case can be found only by a jury. If the jury believes the testimony of the defendant Kuhn and that what he did was what the great mass of mankind would do under the same or similar circumstances, it will find him not negligent. On the other hand, if it believes the testimony of the plaintiff Kurz that Kuhn was driving at the rate of thirty miles an hour or thereabouts and did not observe that degree of care which the great mass of mankind would observe under the same or similar circumstances, it may find the defendant negligent. The question of whether or not the defendant was negligent can be determined only by the application of some standard of care to the conduct of the defendant Kuhn as disclosed by the evidence. The jury must first find the facts and to those facts apply the instructions of the court as to the law.

Under these circumstances the judgment must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*—It is so ordered.