Loizzo, Respondent, vs. Conforti, imp., Appellant.

*January 12—February 9, 1932.*

130

*Edward J. Ruetz* of Kenosha, for the appellant.

*C. A. Tennessen* of Kenosha, for the respondent.

ROSENBERRY, C. J. It is claimed on behalf of the defendant that the damages found are excessive. They certainly are very high. Inasmuch as there must be a new trial of the case, we shall not comment further upon that aspect of the case.

The verdict was a long and unnecessarily complicated one. Question 1 was in part as follows:

"Did the defendant, Frank Conforti, fail to exercise such care as the great mass of mankind ordinarily exercise under the same or similar circumstances—

"(a) In that he drove his car at a rate of speed greater than was reasonable and proper with due regard to the width, traffic, and use of the highway at the time and place in question."

(b), (c), (d), and (e) are in the same form.

This form certainly suggested to the mind of the jury that the court was of the opinion that defendant did drive his car at a rate of speed greater than was reasonable and that the only question for them to answer was, Did he exercise ordinary care in so doing? This form of question has been repeatedly criticised and should not be used. For suggestions as to form of verdict, see *Berrafato v. Exner,* 194 Wis. 149, 216 N. W. 165.

After submitting questions relating to defendant's negligence and proximate cause, the court then submitted question 4: "At what sum do you assess plaintiff's damages?" There were then submitted questions 5, 6, and 7 as to negligence of the defendant Pettit, the last question in the verdict being one in reference to contributory negligence of the plaintiff. Why the question relating to damages was inserted in the middle of the verdict as it was, we do not

know. If it had any purpose it must have been to indicate to the jury that the defendant Pettit's negligence had nothing to do with the defendant Conforti's liability. There appears to be no reason in this case for departing from the ordinary method of submitting a special verdict.

The defendant requested the court to instruct the jury with respect to the right of the defendant Conforti to assume that Pettit would obey the law and make the stop for the arterial highway. No such instruction was given, and the court was in error in refusing to give an appropriate instruction in that regard pursuant to request. In this case the court adopted the plan of stating a number of general principles of law in the beginning of the instructions, apparently leaving it to the jury to sort them out and apply them to the various questions to which they were in fact applicable. While there is no objection to stating general principles of law, a court should assume the burden of stating the law applicable to the factual situations presented by the several questions in a special verdict or calling attention to the fact that they apply to certain questions. If such instructions have been once given it is not necessary to repeat them in every instance. If it involves some labor on the part of the court to so separate instructions and apply them, it must present a matter of great difficulty to the jury to do so. Human conduct will never in all probability become so uniform that general principles can be applied without some adaptation to the peculiar facts of the case in hand.

The only instruction in this case that in any way responds to the defendant Conforti's request was the following:

"Each driver may assume that other travelers will observe the law and exercise ordinary care unless it is apparent that they do not, or will not, and may accordingly rely upon that in determining his own conduct and means of using the highway. But, as I said before, it does not absolve either from the exercise of ordinary care."

Ordinary care is nowhere defined in the instruction, the definition being inserted in the question. It should be said, however, that the trial court did not have the benefit of a requested instruction correctly framed, and the whole case bears the aspect of having been tried hastily and carelessly. While it is not a large or perhaps in some aspects an important case, a case that is worthy of being tried at all should be tried carefully and in accordance with established principles of law. Nor do we intend by what is said in this case to indicate that it is reversible error to give general instructions; but in this case, where no other instructions were given and where no indication is given as to the factual situation to which the instructions apply, it could not be otherwise than misleading.

While upon the facts the case is a very close one, it is considered that there is sufficient evidence in the record as it stands to make a question for the jury upon whether or not the defendant Conforti was negligent.

*By the Court.*—The judgment appealed from is reversed, and cause remanded for a new trial.