TEAS, Respondent, vs. EISENLORD and another, Appellants.

*March 7—June 5, 1934.*

For the appellant Eisenlord there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *Roy S. Stephenson*.

For the appellant Limp there were briefs by *Judson W. Staplekamp*, attorney, and *Daniel C. Lencioni* of counsel, both of Kenosha, and oral argument by *Mr. Staplekamp*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, attorneys, and *Victor D. Werner* of counsel, all of Milwaukee, and oral argument by *Mr. Werner*.

The following opinion was filed April 3, 1934:

FAIRCHILD, J. The respondent on the 12th of July, 1931, was a guest in the automobile of appellant Eisenlord driving north on Highway 41. This machine collided with the car of appellant Limp at a point where Highway 41 from the south, curving toward the northwest, joins Highway 43. The latter highway at the point of the accident runs east and west. The jury found Eisenlord negligent as to lookout, management, and control, speed, and with respect to yielding the right of way to appellant Limp. His most serious trans-

gression of the rules of ordinary care was his failure to see two traffic signals, one on the right side of Highway 41, a few feet south of where 41 enters Highway 43, and the other at his left, immediately at the intersection of the two highways. That Eisenlord drove by these signals without giving them any consideration appears from his testimony. He says:

"I did not observe the stop-and-go light to my left as I came around the corner. I did not observe whether that was green or red. I don't recollect observing the light that was immediately on the right of the curve as I was going north. Evidently didn't see any red light, or I wouldn't have come around."

This leaves beyond challenge the sufficiency of the evidence to support the finding of the jury with respect to Eisenlord's negligent conduct. He seeks a reversal of the judgment, however, on the ground that the respondent, his guest, was negligent in that she failed to see the red light on the right-hand side, to which she was nearer than he, as they proceeded northwesterly to enter Highway 43, or, having seen it, in failing to give him any warning of the danger of going ahead. As Eisenlord drove toward Highway 43, the lights signaled "go" for east-and-west bound traffic on 43, and "stop" for north-bound traffic on 41. Respondent testified that she saw the light on the left-hand side, and saw the car, driven by appellant Limp, going east on 43; that she misread the signal, thought it related to traffic going northwest, and she did not notice any signs of danger until the instant of the collision and made no outcry, nor did she give any warning to her host. The question of her contributory negligence was submitted to the jury and answered in her favor.

The jury were asked to determine whether just before the collision respondent failed to exercise ordinary care with respect to keeping a proper lookout. A request was made by

appellant Eisenlord that the jury be instructed that the law required the guest to exercise reasonable care for her own safety, that ordinary care required her to keep a proper lookout and placed upon her under certain circumstances a duty to warn the driver. The request was not granted. The court did, in a rather general statement, tell the jury that "a passenger must exercise reasonable care for her own safety under all the circumstances shown by the evidence. And that is, the passenger must use the same degree of care that a reasonable person would and does use under the same or similar circumstances." These statements were followed by instructions to the effect that a duty devolves upon the passenger to take measures for her own protection when the passenger knows of some danger which is not known or obvious to the driver. The jury were told that the fact that the guest has not charge of the automobile does not absolve her from exercising care for her safety, but that the guest is not required to exercise the same degree of care that is required of the driver, and concluded with the following statement:

"You are further instructed that a passenger in an automobile, situated as was Miss Teas, has no duty to warn the driver of danger that is, or should be, in the exercise of ordinary care, apparent to the driver without such warning."

Had this instruction included words reminding the jury that there are times and circumstances when it becomes the duty of the passenger, in addition to the reasonable care exercised by her in keeping a proper lookout, to warn the driver of probable danger, the complaint against the instructions would not have been as well founded as it now is. A guest is not the driver and is not to be judged on the same plane as the driver, but she does have some responsibility. A jury question arises, under such facts as are presented here, as to whether the guest did use the proper degree of care as to lookout for danger, and whether, having discovered such danger, she was bound to warn the driver.

In this case the guest was riding beside the driver on the right-hand side of the car. The car was proceeding north on Highway 41. Highway 41 divides about ninety feet south of Highway 43, permitting drivers going north to proceed in a straight line to 43, and also permitting drivers going to the west to enter 43 by way of a curve to the northwest. This results in two separate entrances into Highway 43 for travelers on Highway 41. These continuations or forks of Highway 41 are divided from each other at the south line of 43 by a space of from eighty to one hundred feet. The respondent says that she noticed the traffic signal to the right of the right-hand fork, but paid no attention to it.

The jury were told that the respondent "had no duty to warn the driver of danger that is, or should, in the exercise of ordinary care, be apparent to the driver without such warning." The driver of this car ought to have seen the red light on the right side of the left-hand fork of 41. If the respondent saw the light at the right of the right-hand fork and decided to ignore it, and if they each saw the stop signal on the right of the curved intersection or left-hand fork and decided to ignore it and proceeded as though the signal to stop had not been given, they would both be guilty of failure to exercise ordinary care. If the guest saw, or ought to have seen, the latter light, and then noticed that the driver was continuing to drive as though he had not seen it, it was plainly her duty to protest against such conduct. It is well settled that a guest in an automobile must give some heed to her own safety. What constitutes a proper lookout depends upon circumstances, and these circumstances often give rise to a jury question. *Krause v. Hall,* 195 Wis. 565, 217 N. W. 290; *Kurz v. Kuhn,* 198 Wis. 172, 223 N. W. 412. The rule is stated in 5–6 Huddy, Automobile Law (9th ed.), p. 255, § 140, as follows:

"If a passenger sees that the driver is guilty of negligence in his operation of the machine or that he is running into

danger which is known to the passenger but of which the driver is oblivious, reasonable care requires that the passenger give some warning to the driver. . . ."

As the case was submitted to the jury, although a situation may have existed calling for a warning by the guest, the jury were instructed that the guest was under no duty to warn if the driver ought to have seen what the guest did. This was an important question in the case, for if the respondent saw, or in the exercise of reasonable care ought to have seen, the red light on her right of the curved intersection, and if it was apparent to her that the driver of the car intended doing nothing to avoid the danger of driving into the east-and-west traffic on Highway 43, the evidence warranted the jury in charging her, in the absence of some act on her part to avoid the danger, with contributory negligence. The failure to advise the jury that the duty to warn existed, is prejudicial error and requires a reversal of the judgment and a granting of a new trial. *Howe v. Corey,* 172 Wis. 537, 179 N. W. 791; *Wappler v. Schenck,* 178 Wis. 632, 190 N. W. 555.

Appellant Limp was driving east on Highway 43. The signal lights were in his favor and the jury exonerated him of any fault except in the matter of lookout. The evidence shows that as he approached the corner where 41 enters 43 from the south, the green light showed and, relying on this, he assumed that he was safe in proceeding east. His testimony as to just how much of an observation he made of the surroundings at the intersection is rather meager. The facts which were established by the evidence show that no car was coming at any great speed in opposition to Limp's right of way. He saw the lights were in his favor, and such survey as he did make brought to his attention nothing that would suggest the occurrence of an accident as he drove past the signals. The jury were told in substance that one having the right of way cannot hold to his course in the face of an

existing challenge to his right to do so. Appellant Limp asked to have the jury instructed that the favorable signal at the intersection might give him the right to assume that traffic approaching from the south would obey the traffic signals.

Whether Limp's conduct measures up to the standard of ordinary care is to be determined by the circumstances present at the time of his action. He was signaled to advance by the proper sign. This signal he was entitled to take into consideration, and, in the absence of manifestations on the part of other drivers which would amount to a declaration of intention to interfere with his right of way, he would be entitled and, in fact, obligated, in the interest of maintaining efficient traffic regulation, to proceed guided by the signals. The jury were to consider on this branch of the case the acts of the appellant Limp, and they ought to have been told with respect to the green lights that if he was otherwise acting with ordinary care, the favorable signals might be relied upon until it became apparent in the exercise of ordinary care that some other person was going to transgress the rules of the road. The slow rate of speed at which Eisenlord was moving and his position in the highway creates a jury question as to whether Limp, in the exercise of ordinary care, was justified in proceeding as he did. The appellant Limp was entitled to have that question passed upon by jurors duly instructed by the court that the right to rely upon the signals existed when there was no other car in the intersection, none approaching it at a dangerous rate of speed, nor anything else appearing which, in the exercise of ordinary care, would cause him to believe his right of way would be interfered with. *Loizzo v. Conforti,* 207 Wis. 129, 240 N. W. 790. The general rules contained in the instructions did not meet the situation, and the question concerning Limp's negligence ought to have been submitted under instructions which would require the jury to take into consideration the fact

that appellant Limp was at an intersection where signal lights existed and that they properly exercised some influence on his conduct.

It is urged also that the damages are excessive. From the evidence bearing upon this phase of the case it is apparent that the amount allowed is high, but as there must be a new trial and the evidence as to the extent and permanence of the injury may then be more complete, we will not consider the question of damages at this time.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.

A motion for a rehearing was denied, with $25 costs, on June 5, 1934.