SCHMIT, Respondent, vs. JANSEN, Guardian *ad litem,* and another, Appellants.*

*October 18—November 20, 1945.*

* Motion for rehearing denied, with $25 costs, on January 8, 1946.

650

For the appellants there was a brief by *Bradford & Derber* of Appleton, and oral argument by *A. S. Bradford.*

For the respondent there was a brief by *Lehner & Lehner* of Oconto Falls, *Edward J. Byrne* of Appleton, *Adolph P. Lehner,* and *Howard N. Lehner,* both of Oconto Falls, and oral argument by *Adolph P. Lehner.*

FAIRCHILD, J.  The case was finally submitted to the jury with the instruction that if the artery were not marked by an official stop sign or traffic signal in conformity with the regulations of sec. 85.71, Stats., then sec. 85.18 (1) applied.  This section provides that, when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.  The court erred in thus charging the jury.  "An

automobilist, with knowledge of the location of a stop sign, has the right to rely, when crossing the intersection, on the assumption that any one approaching will observe it, and similarly a traveler on a boulevard or arterial highway has a right to expect an operator of a motor vehicle on an intersecting street to stop before entering thereon." 2 Blashfield, Cyclopedia of Automobile Law and Practice, p. 216, sec. 1032; *Loizzo v. Conforti* (1932), 207 Wis. 129, 240 N. W. 790; *Stabler v. Copeland* (1942), 304 Mich. 1, 7 N. W. (2d) 122. The right to make this assumption cannot be taken away because the stop sign, without the knowledge of the driver on the arterial highway, had been accidentally turned so as to fail to conform with the requirements of law. It is likewise true that a person proceeding in the exercise of ordinary care cannot be held negligent in failing to stop at an intersection with an arterial highway with which he is not familiar and which is not properly marked with a lawful stop sign.

The turning of the stop sign set the stage for the collision. Each party was relying on a rule of the road under circumstances which appeared to then and there exist. Defendant was on an arterial and reasonably assumed she had the advantage of proceeding over one approaching the highway. The deceased, because the stop sign had been misplaced, reasonably assumed he had the advantage, because of being to the right of plaintiff and therefore having the right to proceed into the intersection. The reliance placed by each on the view as he saw it was not unreasonable. Deceased was a stranger in the town. He was not aware that Wisconsin avenue was an arterial highway. Defendant was a resident of Appleton and familiar with the highway and its intersecting streets. If neither was guilty of negligence, the turning of the stop sign would excuse each for proceeding until the approach of the other car called for some preventive act on the part of the driver. The evidence indicates that both defendant and de-

ceased were using the same degree of caution and that the collision resulted because each, while exercising such care, relied on his right of way.

Neither the action of defendant or plaintiff's deceased in entering the intersection can be held negligent. And under the evidence, the acts of defendant, after both cars were in the intersection, cannot be held to be negligent conduct.

*By the Court.*—Judgment reversed, cause remanded with directions to grant judgment dismissing plaintiff's complaint.