**HAAGENSON v. MATANUSKA VALLEY LINES, Inc.**

**FROSTAD v. TAYLOR et al.**

**Nos. A–6538, A–6688.**

United States District Court, Alaska. Third Division, Anchorage.

April 7, 1952.

P. J. Kalamarides, Anchorage, Alaska, for plaintiff Haagenson.

George B. Grigsby, Anchorage, Alaska, for plaintiff Frostad.

Davis & Renfrew and John C. Hughes, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

In the foregoing cases, consolidated for trial, the plaintiff Haagenson seeks to recover damages for injuries sustained by him while a passenger in defendant's bus as a result of a collision between the bus and plaintiff Frostad's automobile on November 15, 1949; while Frostad seeks to recover damages for the destruction of his car.

During the noon hour of that day, as the bus was proceeding on its regular run in a northerly direction on "I" Street and Frostad was proceeding in a westerly direction on Sixth Avenue, in Anchorage, Alaska, the cars collided in the northwest quadrant of the intersection, the driver having swerved the bus in a last moment attempt to avert a collision.

Defendant contends that "I" Street was a through street and also that the bus was first in the intersection and, therefore, had the right of way. On the other hand, plaintiff Frostad contends that, since there had been no stop sign for a considerable period of time at the entrance to this intersection from Sixth Avenue, "I" Street could not be considered a through street there and that, therefore, he had the right of way because he was first in the intersection and also because, if they entered

580

at approximately the same time, he was approaching from the right of the bus.

No records of the City that "I" Street had been formally designated as a through street in accordance with its ordinances can be found. However, the presence of stop signs on both sides of "I" Street for its length between Fourth Avenue and Boundary Street except at Ninth Avenue; the circumstance that it has been considered as a through street for several years and that Frostad who drove over the same route almost daily, treated it as such, warrants the conclusion that it was regularly designated and was a through street. Schmit v. Jansen, 247 Wis. 648, 20 N.W.2d 542, 162 A.L.R. 925; Titus v. Braidfoot, 236 Ala. 21, 145 So. 423; Jones v. McCullough, 148 Kan. 561, 83 P.2d 669; Connors v. Dobbs, 77 Ohio App. 247, 66 N. E.2d 546; and that Frostad was negligent in not yielding the right of way to the defendant's bus.

Cases apparently to the contrary cited by Haagenson are distinguishable. Thus Welch v. Canton City Lines, 142 Ohio St. 166, 50 N.E.2d 343, dealt with the usual signal device, the red light of which had failed. Obviously the failure of such a signal is not to be compared to the absence of a sign, because while the absence of a red light might lead an approaching motorist to believe that if it isn't red it must be green, he could not be misled by a stop sign. The situation would be comparable only if in that case there was no signal device. Casselman v. Hartford Accident and Indemnity Co., 36 Cal.App.2d 700, 98 P.2d 539 is likewise distinguishable because the law expressly declared the effect of the absence of a stop sign. The same may be said of Sine v. Salt Lake Transportation Co., 106 Utah 289, 147 P. 2d 875, because there negligence was predicated on the failure to look.

But plaintiff Haagenson further contends that even though the accident was due to Frostad's negligence, the defendant is still liable to Haagenson if it failed to use the highest degree of care for the safety of its passengers, and in support of this contention argues that since it must be presumed that defendant's driver was aware of the absence of the stop sign at Sixth Avenue, it was his duty to stop before proceeding into the intersection. But Washington v. City of Seattle, 170 Wash. 371, 16 P.2d 597, 86 A.L.R. 113, cited in support of this proposition, merely states the rule referred to and indeed, it is difficult to see how the rule could be applied to the factual situation here dealt with without negativing the obvious purpose of through streets—the facilitation of the flow of traffic—for it would require all common carriers to stop at every intersection in disregard of the rule that a temporary absence of a stop sign does not strip a through street of its character as such. As is pointed out in 10 Am.Jur., 164–166, Sec. 1245, the rule does not require such a degree of vigilance as will be wholly inconsistent with the carrier's methods of transportation or impracticable to such an extent as to interfere with its regular business.

I am of the opinion, therefore, that as between the plaintiff Frostad and the defendant, the accident was due to the negligence of Frostad and that such negligence was the proximate cause of the resulting damages, and that as between the plaintiff Haagenson and the defendant, there was a failure to show that the defendant breached its duty as a common carrier.