**J. C. HODGE, Appellant,**

v.

**Clifford SHARPE, d/b/a Sharpe's Chevrolet Garage, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

Calvert C. Little, London, for appellant.

Garrett G. Teague, Jr., Pleas Jones, B. B. Snyder, Williamsburg, for appellee Clifford Sharpe.

T. E. Mahan, Williamsburg, for appellee Elvin Patrick.

B. B. Snyder, Williamsburg, for appellees Faulkner and Kessinger.

SIMS, Judge.

On February 21, 1953, Ledford North and William H. North, two taxicab drivers for appellant Hodge, were arrested by Elvin Patrick, Sheriff of Whitley County, on warrants issued by R. S. Kessinger, Judge pro tem. of the Whitley Quarterly Court, charging them with selling liquor in local option territory. The warrants were issued upon the affidavits of two men employed by the State Alcoholic Beverage Control Board, stating the accused sold them whiskey from the cabs accused were operating. The judge issued an order impounding the cabs the two Norths were driving and directed the sheriff to keep the cabs in his possession until further order of court. Acting under this order, the sheriff on February 21, 1953, delivered the cabs to Clifford Sharpe's garage where they were stored until August 1954. The sheriff had seized the cabs under the authority of KRS 242.360, making it his duty so to do. He held them under this statute as well as under the impounding order.

The accused were convicted in quarterly court on March 6, 1953, and given a fine of $100 each and 60 days in jail. They appealed to the circuit court where the cases pended until October 30, 1954, when they were filed away with leave to reinstate.

On September 2, 1954, appellant filed the present action in the Whitley Circuit Court under KRS 425.125 (formerly Civil Code of Practice § 181, claim and delivery) to compel Sharpe to deliver the two impounded cabs to him. Attached as an exhibit to his verified complaint is a copy of a judgment of the Whitley Circuit Court entered July 29, 1954, in the case of Commonwealth v. J. C. Hodge, adjudging the order of the quarterly court of February 21, 1954, impounding the two cabs was void, and directing the sheriff to deliver the cabs to Hodge.

Sharpe, the garageman, filed answer and counter-claim and incorporated therein a third party complaint against Patrick, the sheriff who seized the cars. Patrick's answer denied he was detaining the cabs without authority or that the order under which he was holding them was void. He averred the judgment of the Whitley Circuit Court holding the impounding order void was itself void as to the defendants in the present suit of Hodge, since none of these defendants were parties to the suit of Commonwealth v. Hodge. By counter-claim Sharpe sought to recover from Hodge 75¢ per day for the storage of each cab. On his third party complaint Sharpe sought recovery against Patrick for the storage in the event

it was adjudged the sheriff illegally took possession of and stored the cabs.

Hodge amended his complaint and brought in the county judge, the pro tem. county judge, the sheriff and Sharpe, averring they all acted concurrently in wrongfully taking possession of his two cabs; that by the loss of the use of the cabs from February 21, 1953, until August 1, 1954, (the date he filed his amended complaint) he was damaged $20 per day for 525 days, or $10,500, which he sought to recover from the four defendants. Also, Hodge sought to recover $20 per day from Sharpe from August 1, 1954, until his cabs were returned to him, together with $400 damage done his cabs by Sharpe's alleged negligence while storing them.

In answering this amended complaint the sheriff denied he had illegally impounded the cabs, readopting his first affirmative defense in his original answer, which denied the impounding order was void. Also, the sheriff readopted the second defense in his original answer that Hodge did not attempt to regain possession of the cabs, and that the sheriff thought the quarterly court judge would only hold an examining trial. The sheriff then pleaded Hodge did nothing to minimize his damages but left his cabs impounded and is now estopped from claiming damages.

The issues were made by replies. Hodge moved for judgment on the pleadings and his adversaries moved for summary judgments.

■ Hodge filed his verified petition for a change of venue averring defendants were former officers of Whitley County, were widely known and had much influence, while he was unknown and for that reason he could not obtain a fair trial. In response to the petition for a change of venue, Patrick, the sheriff, filed a verified pleading denying the fact that defendants had much influence and averring that Hodge could obtain a fair trial. The court did not err in dismissing the petition for a change of venue. This aspect of the instant case is much like Big Sandy Realty Co. v. Stansifer Motor Co., Ky., 253 S.W.2d 601, where

in upholding the trial judge in denying a change of venue, we pointed out that official has a broad discretion in determining applications for a change of venue, especially in civil cases, and we will not disturb his ruling unless we are convinced that discretion was abused. In the case at bar we are quite sure there was no abuse of discretion upon the part of the trial judge in dismissing the petition for a change of venue. See Southeastern Greyhound Lines v. Davis, 290 Ky. 362, 160 S.W.2d 625.

On Hodge's motion for judgment on the pleadings and on Sharpe's motion for summary judgment, the court dismissed the complaint as to all the defendants and gave Sharpe summary judgment on his counterclaim against Hodge for $1,006.50 for storage. Hodge moves for an appeal as to the judgment of $1,006.50 against him, and he appeals from the judgment dismissing his suit for $10,500 damages.

■ It must be admitted the quarterly court had no jurisdiction to try the two accused men on the charge of selling liquor, since the cabs they were driving at the time of the sale were seized by the sheriff when the Norths were arrested. This fact took the case beyond the jurisdiction of the quarterly court even though no attempt was made by that court to adjudge a forfeiture of the two cabs. Ritter v. Bruce, Ky., 239 S.W.2d 449 and Bodkins v. Commonwealth, Ky., 244 S.W.2d 745. These cases hold that as the quarterly court had no jurisdiction, the circuit court had none on appeal where the trial was on the same warrants tried in the quarterly court. Also see Klyman v. Commonwealth, 97 Ky. 484, 30 S.W. 985.

■ But the fact that neither the quarterly court nor the circuit court had jurisdiction to try the cases on the warrants, did not make the sheriff's seizure of the two cabs illegal. The statute places a duty on an arresting officer to seize a vehicle illegally transporting liquor. KRS 242.360. More than that, the quarterly court ordered the cabs impounded. This the quarterly court had a right to do and the sheriff was bound to follow the order as the quarterly court did not make it known to him whether it

**600**

would attempt to try the accused or hold them to the grand jury after an examining trial. The sheriff pleaded he held the cabs under KRS 242.360 and under the quarterly court order for the action of the grand jury. It was not for the sheriff to determine whether the quarterly court had jurisdiction to try accused. As the sheriff merely performed his duty under an order valid on its face, as well as under KRS 242.360, it is manifest he is not liable to appellant Hodge. 43 Am.Jur. "Public Officers" § 286, p. 98; Torian v. Caldwell, 167 Ky. 670, 181 S.W. 373. It cannot be said the quarterly court did not have jurisdiction to issue the impounding order because it did not have jurisdiction to try the two Norths. It had jurisdiction to conduct their examining trials and to hold the Norths over to the grand jury. Crim.Code of Practice § 66. King v. Cawood, 223 Ky. 291, 3 S.W.2d 616.

■ When the quarterly court did try and convict the Norths on March 6, 1953, without jurisdiction, the sheriff had authority under KRS 242.360 to continue to hold the seized cabs for the action of the grand jury until the charge against the Norths was barred by limitations when the grand jury did not indict them within one year from February 20, 1953, the time the offense was committed. Appellant, the owner of the cabs, could have obtained his property any time after it was seized by making a forthcoming bond. Not only did he fail to do this, but under the pleadings before us, he did not make demand for his property until August 1, 1954. At that time Sharpe had a lien on the property for storage and it was not incumbent upon him to release the property to appellant until Sharpe's storage was paid, since the sheriff's action in seizing the cabs and storing them with Sharpe was legal.

■ It is manifest the court did not err in holding appellant had no claim for damages against the sheriff or against Sharpe for depriving him of the use of the cabs. The court correctly adjudged appellant was indebted to Sharpe for the storage of the cabs for a period of one year from February 20, 1953, and as appellant did not tender the storage on them when he demanded possession of his property from Sharpe, the latter had a right to hold them and charge additional storage until his claim was satisfied in full.

■ The court did not err in granting summary judgment against appellant as to his liability for the storage. However, it did err in fixing the amount of the storage at 75¢ per day for each cab in the absence of proof of what was a reasonable charge for such storage. Instead of fixing the amount of the storage, the court should have granted an interlocutory summary judgment holding appellant liable for the storage and ordering a hearing on that claim as to the amount. Clay CR 56.03, comment 6, p. 504.

Appellant's motion for appeal is sustained and the judgment is reversed and the cause is remanded for a determination of what is a reasonable charge for such storage. On hearing proof as to the amount of the storage due Sharpe, appellant should be given an opportunity to introduce his evidence as to damages done his cabs by reason of the alleged negligence of Sharpe in storing them, not to exceed $400, the amount claimed.

■ It is patent the court was correct in dismissing Hodge's complaint against the two judges. As a general rule, the question of jurisdiction is for the determination of the judge who tries the case and he is not liable for acts done pursuant to an erroneous decision that he has jurisdiction in a particular case. 30 Am.Jur. "Judges" § 48, p. 761; King v. Cawood, 223 Ky. 291, 3 S.W.2d 616; Bradley v. Fisher, 12 Wall., U.S., 335, 20 L.Ed. 646; Kittler v. Kelsch, 56 N.D. 227, 216 N.W. 898, 56 A.L.R. 1217.

The judgment is affirmed on the appeal, but the motion for an appeal is granted and so much of the judgment is reversed that allows Sharpe $1,006.50 for storage at $1.50 a day for the two cabs.

The judgment is affirmed in part and reversed in part. The costs will be taxed ⅔ against appellant Hodge and ⅓ against appellee Sharpe.