Elmer CROWE, Appellant,

v.

Bishop TAULBEE, Appellee.

Elmer CROWE, Appellant,

v.

Dorsie CABLE and Neville Hobbs, Appellees.

Court of Appeals of Kentucky.

Sept. 22, 1961.

Stoll, Keenon & Park, Lexington, for appellant.

J. Douglas Graham, Campton, Jesse S. Hogg, Winchester, for appellees.

CLAY, Commissioner.

This is a motor vehicle collision case. The appellees (plaintiffs below) recovered substantial sums for personal injuries and property damage. The appellant (defendant below) appeals on numerous grounds, many of which were not treated in appellant's brief as required by RCA 1.210(a).

■■ The first contention is the trial court erred in denying appellant's petition for a change of venue. The grounds alleged were that one of the appellees and his attorney were prominent and influential citizens of Wolfe County and were members of large families in the community. The petition was controverted and it appears from the record witnesses were heard in opposition thereto. Though their testimony was stenographically reported, the appellant failed to have a transcript thereof made a part of the record on appeal. Under these circumstances we must assume the testimony heard supported the court's ruling. In any event, even in the absence of controverting evidence, we fail to find an abuse of the broad discretion accorded the trial court in civil cases. See Hodge v. Sharpe, Ky., 287 S.W.2d 596.

The next principal contention is that the physical facts entitled appellant to a directed verdict. The accident occurred on a blind curve on Highway 15 between Winchester and Campton. Appellees' pickup truck was traveling on the inside of the curve to the right proceeding toward Campton. Appellant's loaded coal truck was moving in the opposite direction on a downgrade. According to appellees' testimony, appellant's truck was rounding the curve (to its left) on the wrong side of the road. The driver of the pickup truck, conceiving he would not be able to pass on his right hand side (because of a steep embankment), cut his vehicle to the left in front of the coal truck and then swung back and struck the coal truck on its right side. (It is difficult to conceive why the operator of a motor vehicle can imagine that this procedure will avoid a collision—but they sometimes do.)

■■ Appellant contends that the physical evidence, i. e., photographs and certain *testimony* concerning the absence of skid marks and the position of debris on the road, shows conclusively that the appellant's truck was on its right side of the road when the collision occurred. There are two answers to this contention. The first is that the only true physical fact in this case, i. e., the position of the vehicles after the accident as shown by photographs, does not unerringly lead to this conclusion. Definitely appellees' pickup truck ended up on its wrong side of the road. Appellees admit this, even insist upon it. Appellant's coal truck is shown to be overturned crosswise, occupying practically the entire paved surface of the highway. Its front wheels are on its right side but its rear wheels are completely over on its left side. The position of the cars at the time of impact cannot be definitely determined.

■ In this particular case, however, the position of the cars *at the time of impact* is not necessarily the controlling consideration. Appellees' theory, substantiated by proof, is that appellant's big, heavy coal truck when first observed was so far over in appellees' driving lane that emergency action on the part of the appellee driver was required. Even though the latter made a poor choice of alternatives, appellant was liable if (1) the coal truck was on the wrong side of the road immediately before the collision, and (2) its position there at

that time was the proximate cause of the collision. There are neither physical facts nor irrefutable evidence which would justify our determining as a matter of law that this chain of causation could not reasonably have been found to exist. Had we been on the jury we might have taken a different view, but we cannot usurp its function. Appellant was not entitled to a directed verdict.

A number of other questions are raised. We have examined them all carefully and find no reversible error.

The judgments are affirmed.

MONTGOMERY, Judge (dissenting).

The physical facts, evidenced by the photographs and unusual circumstances, taken with the evidence of intoxicants, show that the Taulbee truck in which Hobbs and Cable were riding was as a matter of law operated negligently, thus barring any recovery by appellees. For this reason I dissent.