**Kathy E. WALTON and William G. Walton, Appellants,**

v.

**CHEVRON, U.S.A., INC., Appellee.**

Court of Appeals of Kentucky.

June 4, 1982.

Sept Timous Taylor, Jones, Harrington & Taylor, Owensboro, for appellants.

Ridley Sandidge, Jr., Holbrook, Gary, Wible & Sullivan, Owensboro, for appellee.

Before COOPER, GUDGEL and VANCE, JJ.

COOPER, Judge.

This is an appeal from a judgment notwithstanding the verdict entered for the appellee, plaintiff below, in a negligence action. At issue is whether the trial court acted correctly in entering such a judgment. On review, we affirm in part, reverse in part and remand.

The facts relative to this action are as follows: On January 15, 1980, the appellant, Kathy E. Walton, was involved in a motor vehicle accident at the intersection of Hill Avenue and Elm Street in Owensboro, Kentucky. At the time of the accident, the appellant was proceeding north on Elm Street while William J. Underwood, an employee of the appellee, Chevron, U.S.A., Inc., was proceeding west on Hill Avenue. Although Hill Avenue and Elm Street were both approximately the same width, Elm Street was an inferior street which was regulated by a stop sign. KRS 189.330(2), (3). Nevertheless, at the time of the accident, the stop sign was missing, and therefore not visible to the appellant. Underwood was very familiar with the intersection; whereas, the appellant had never previously driven on Elm Street.

In February of 1981, the appellee filed this negligence action against the appellant and co-appellant, William G. Walton, who, as the owner of the vehicle, was subject to liability under the family purpose doctrine. The appellants answered and counterclaimed, alleging negligence on the part of the appellee. Thereafter, the appellants

filed a third-party complaint against the City of Owensboro alleging its negligence in failing to replace a traffic control signal or device. That action was subsequently dismissed with prejudice.

Subsequent to the presentation of evidence, both appellants and the appellee moved for a directed verdict. The trial court rejected such motions and submitted the action to the jury. The latter entered judgment for the appellants in the amount of $4,627.75. The appellee requested the trial court to enter judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court subsequently entered an opinion and judgment for the appellee awarding it $1,725.00. It is from such order and judgment that the appellants now appeal.

Principally, the appellants argue that the trial court abused its discretion in entering judgment N.O.V. in that there was sufficient evidence presented to support the jury verdict. They argue that a trial court may not invade the province of the jury so as to weigh conflicting evidence and judge the credibility of the witnesses unless the jury's findings are clearly erroneous. *Blue Grass Restaurant Co. v. Franklin*, Ky., 424 S.W.2d 594 (1968); *Crowe v. Taulbee*, Ky., 350 S.W.2d 620 (1961). Stated differently, they argue that a trial court may not set aside a jury's verdict unless the evidence to the contrary is so strong that reasonable men could not have differed. *See Sutton v. Combs*, Ky., 419 S.W.2d 775 (1967); *Rock v. Creacy*, Ky., 430 S.W.2d 137 (1968). Specifically, the appellants contend that there was sufficient evidence to support a finding that the appellant's vehicle entered the intersection first; and, therefore, the appellee had the duty to yield the right-of-way to avoid the accident.

The appellee argues that the trial court acted correctly as the evidence supports a finding that the appellant was negligent as a matter of law. Reviewing both the evidence and the record below, we agree. Although it is undisputed that Hill Avenue is a superior street, thereby giving Underwood a statutory right-of-way, the trial court only instructed the jury under KRS 189.330(1). That section of the statute states as follows:

(1) When two (2) vehicles approach or enter an intersection from different roadways at approximately the same time, the operator of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

In effect, the trial court instructed the jury on the rights and duties of the parties in an unregulated intersection.

 Although the appellant argues that there was sufficient evidence presented to support a finding that she entered the intersection first, and therefore had the right-of-way, we disagree. The appellant remembers nothing of the actual accident. A witness testified in her behalf and who was traveling behind her at a distance of approximately 25 feet, could not accurately state which vehicle entered the intersection first. A witness who testified that the damage to the vehicles indicated the appellant's vehicle entered the intersection first was not an expert in accident reconstruction. Consequently, his testimony in this area had no probative value.

The physical evidence indicated that the right front of the appellant's vehicle struck the left front, or left side, of the appellee's vehicle. Consequently, it is evident that both vehicles entered the intersection "at approximately the same time." Given this fact, the appellant was under a statutory duty to yield the right-of-way to the appellee. KRS 189.330(1).

 Viewing the evidence most favorable to the appellant, we do not find that there was sufficient evidence of probative value to support a finding that she entered the intersection before the appellee. On the contrary, the evidence as a whole supports a finding that both vehicles entered the intersection at approximately the same time. On this basis alone, the trial court was correct in entering judgment for the appellee. *See Wadkins' Adm.'x v. Chesapeake & Ohio Railway Co.*, Ky., 298 S.W.2d 7 (1957).

**14**

Although the trial court failed to instruct the jury under KRS 189.330(3)—respecting the duty to yield the right-of-way at a regulated intersection—we believe that it should have done so. A stop sign had been placed at the intersection, therefore designating Hill Avenue as a superior street. Although this appears to be a question of first impression in this jurisdiction, the general rule is that a superior street or thoroughfare does not lose its superior status by reason of a stop or yield sign being misplaced or obscured on an inferior, intersecting street. The policy underlying such a rule is that a motorist proceeding along a through street or highway protected by stop signs is entitled to assume that the driver of the vehicle on an intersecting street will obey the law and stop or yield the right-of-way. *See Schmit v. Jansen,* 247 Wis. 648, 20 N.W.2d 542 (1945); Annotation, "Motorists Liability for Collision at Intersection of Ordinary and Arterial Highways as Affected by Absence, Displacement, or Malfunctioning of Stop Sign or Other Traffic Signal," 74 A.L.R.2d 242 (1959).

Although there are holdings in other jurisdictions to the effect that absence of a stop or yield sign relieves the driver of a vehicle on a secondary road of the duty to yield the right-of-way, Kentucky does not appear to be adopting such position. In *Blanton v. Metz,* Ky., 357 S.W.2d 306 (1962), the defendant-driver, traveling on an inferior street, complained that the stop sign he passed was located in a hedge off the sidewalk and was, therefore, difficult to see. He argued that instructions should have been given treating the intersection as unregulated because of the difficulty in observing the sign. The Court of Appeals disagreed, stating as follows:

> Defendants next contend the court should have given their offered instruction which treated this intersection as an unregulated one (because of the difficulty of observing the stop sign). To give this instruction would violate KRS 189.330(3) and the ordinance passed by the city. Carter Avenue had been properly designated a preferential highway, and an impossible situation would be created if the

rights of the parties were dependent upon whether or not one of them had actual notice of the applicable regulation. As a matter of fact, the court imposed upon the driver of plaintiff's automobile the duty to yield the right of way if the jury found certain circumstances to exist, and this instruction was perhaps more favorable to the defendants than they had a right to demand. Certainly no instruction should have been given which would have deprived the plaintiff of the right to rely on the city ordinance. *Id.* at p. 308.

Consequently, although the trial court failed to instruct the jury under KRS 189.330(3), such failure did not prejudice the appellants in any way. On the contrary, it resulted in prejudice to the appellee. Accordingly, the trial court's judgment was correct in that the appellant had the duty to yield the right-of-way to the appellee. Nevertheless, it erred in awarding the appellee damages. Such is to be determined by a jury.

The judgment is affirmed as to the appellants' liability, and reversed and remanded as to the amount of damages awarded to the appellee. The trial court is directed to enter a new trial for the appellee solely on the issue of damages to be awarded to it.

All concur.