COURT OF APPEALS
DECISION
DATED AND FILED

June 19, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2206**

Cir. Ct. No. 2021CV1076

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

KARINA PERALTA,

    PLAINTIFF-RESPONDENT,

 V.

KYLE PHILLIP DAVIS, RURAL MUTUAL INSURANCE COMPANY AND JANTZ'S YARD 4 AUTOMOTIVE, INC.,

    DEFENDANTS-APPELLANTS,

REGAL BELOIT CORPORATION GROUP BENEFIT PLAN AND UNITED HEALTH CARE INSURANCE COMPANY,

    DEFENDANTS.

---

        APPEAL from a judgment of the circuit court for Racine County: EUGENE A. GASIORKIEWICZ, Judge. *Affirmed*.

        Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  This appeal arises from an automobile accident that occurred on August 13, 2018, at an intersection in the City of Racine ("the City").  Kyle Phillip Davis, Jantz's Yard 4 Automotive, and Rural Mutual Insurance Company (collectively "Davis") appeal a judgment entered on a jury verdict against them in an action brought by Karina Peralta.[1]  Davis argues that Peralta's injury was caused in part by the fact that the stop sign controlling Davis's lane of travel was down at the time of the accident, and that the City was negligent for failing to maintain the sign.  Davis further argues that several circuit court errors prevented the jury from correctly apportioning fault.  We affirm.

¶2     We first address Davis's argument that the circuit court erred by denying his request to add the City to the special verdict.  We review the formulation of a special verdict for erroneous exercise of discretion.  *See **Gumz v. Northern States Power Co.***, 2007 WI 135, ¶23, 305 Wis. 2d 263, 742 N.W.2d 271.  "A court erroneously exercises its discretion if the special verdict questions fail to cover all issues of fact or are inconsistent with the law."  ***Id.***, ¶24.  "Whether a special verdict reflects an accurate statement of the law applicable to the issues of fact in a given case presents a question of law that we review independently of the determination[ ] rendered by the circuit court."  ***Id.***

---

[1] Judgment was entered by the Honorable Mark F. Nielsen, who presided over the trial and also denied Peralta's postverdict motion for a new trial.  The case has since been reassigned to the Honorable Eugene A. Gasiorkiewicz.

¶3      Here, the circuit court determined that there was no evidence that the City had actual or constructive notice that there was a problem with the stop sign. Accordingly, the court determined that there was not enough evidence of the City's negligence to include the City on the special verdict. *See **Connar v. West Shore Equip. of Milwaukee, Inc.**, 68 Wis. 2d 42, 45, 227 N.W.2d 660 (1975) (a nonparty should be included on the special verdict if there is "evidence of conduct which, if believed by the jury, would constitute negligence").

¶4      Davis contends that there was "ample evidence … that the City … was negligent."   Specifically, Davis points to testimony that the stop sign was obscured for at least two days prior to the accident.[2]   Davis also points to evidence that the City did not have an established protocol for making a record of a call reporting a problem with a stop sign.   Based on this evidence, Davis contends that the jury could have concluded that the City received notice that there was a problem with the sign, but that its lack of reliable recordkeeping prevented it from correcting the problem promptly.

¶5      The fatal flaw in Davis's argument is that there was no evidence that anyone reported a problem to the City.   At trial, there was uncontroverted testimony that the sign was in good condition when the City inspected it approximately four months before the accident.   In addition, there was uncontroverted testimony that the City responds immediately when it receives reports of problems with stop signs.   Without evidence that someone reported a problem with the stop sign to the City, it would be pure speculation to conclude

---

[2] Davis also points to evidence that the stop sign in question had fallen down without explanation two years earlier.  Davis does not develop any argument about the relevance of this past incident.

3

that the City was somehow negligent in failing to fix the problem prior to the accident. We therefore conclude that the circuit court did not erroneously exercise its discretion in declining to add the City to the special verdict.

¶6    Davis also argues that the circuit court erred in not admitting evidence of Peralta's ***Pierringer***[3] settlement with the City. The circuit court concluded that the settlement was inadmissible under WIS. STAT. § 904.08 (2021-22).[4] This statute provides that evidence of a settlement "is not admissible to prove liability for … the claim or its amount." ***Id.*** The court rejected Davis's argument that this evidence could be admitted for the alternate purpose of demonstrating Peralta's motive to try to shift all blame for the accident onto Davis.[5] *See **id.*** (permitting evidence of a settlement to be admitted "for another purpose, such as proving bias or prejudice of a witness"); *see also **Hareng v. Blanke***, 90 Wis. 2d 158, 168, 279 N.W.2d 437 (1979) (exception in § 904.08 may apply when a witness has "a financial interest in playing down the negligence of [the settling party] and emphasizing that of" the remaining defendant).

¶7    We review a circuit court's decision regarding the admissibility of evidence for an erroneous exercise of discretion. *See **State v. Franklin***, 2004 WI

---

[3] *See **Pierringer v. Hoger***, 21 Wis. 2d 182, 184-85, 124 N.W.2d 106 (1963); *see also **Imark Indus., Inc. v. Arthur Young & Co.***, 148 Wis. 2d 605, 621, 436 N.W.2d 311 (1989) (explaining that in a ***Pierringer*** settlement, the plaintiff agrees to "assume or satisfy that portion of the liability that is determined to be the responsibility of the settling joint tortfeasor").

[4] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[5] Prior to trial, the circuit court rejected as premature Davis's argument that the settlement could be admitted for the purpose of establishing Peralta's prejudice or bias under WIS. STAT. § 904.08, but gave Davis the opportunity to renew the motion at trial. Davis did not take this opportunity but instead waited until his motion for a new trial to revisit the issue.

38, ¶6, 270 Wis. 2d 271, 677 N.W.2d 276. Our review looks to "whether the [circuit] court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record." ***Morden v. Continental AG***, 2000 WI 51, ¶81, 235 Wis. 2d 325, 611 N.W.2d 659. "If the circuit court applied the proper law to the pertinent facts and provided a reasonable basis for its ruling, we will conclude that the court acted within its discretion." ***Id.***

¶8     Davis contends that the circuit court did not apply the proper legal standard when it considered the exception for witness bias or prejudice in WIS. STAT. § 904.08, because the court focused on whether Peralta had changed her testimony.[6] Davis argues that the court was also required to consider whether Peralta's settlement with the City left her "in a position in the case that is significantly different than it would have been absent the settlement." *See* ***Morden***, 235 Wis. 2d 325, ¶83 (explaining that a "party may demonstrate prejudice or bias by showing that a witness changed his or her testimony or that the posture of a settling party was significantly different as a result of the settlement").

¶9     ***Morden*** is unhelpful to Davis for two reasons. First, that decision makes clear that the exception for witness bias or prejudice in WIS. STAT. § 904.08 is merely permissive. *See* ***Morden***, 235 Wis. 2d 325, ¶86 ("[A]lthough the last sentence of § 904.08 *authorizes* circuit courts to admit settlement evidence under certain circumstances, the rule does not *require* a court to admit that evidence.").

---

[6] Davis also contends that the circuit court's decision precluding evidence of the settlement "withheld pertinent credibility information from the jury." Davis does not point to any testimony from Peralta that might have been undermined by the introduction of her settlement with the City. We therefore reject this aspect of Davis's argument as undeveloped.

Thus, as Peralta points out, a finding of bias or prejudice may give the circuit court a basis for admitting evidence that would otherwise be excluded, but the court is never required to admit that evidence even when the exception is satisfied. Moreover, our supreme court has repeatedly cautioned that the exception for witness bias or prejudice in § 904.08 "should not be expansively construed." *Allsop Venture Partners v. Desmond Murphy S.C.*, 2023 WI 43, ¶29, 407 Wis. 2d 387, 991 N.W.2d 320 (quoting *Morden*, 235 Wis. 2d 325, ¶85). Instead, "[c]ircuit courts should exercise the utmost caution in determining whether to admit settlement evidence" pursuant to this exception. *Id.* (citing *Morden*, 235 Wis. 2d 325, ¶85).

¶10 Second, as the circuit court pointed out, Davis never developed any argument that Peralta's posture had changed significantly as a result of her settlement with the City. The court explained that, by inviting Davis to renew his argument for admissibility at trial, it had given Davis "a full opportunity to lay a basis but [he] never did." In the absence of any renewed argument from Davis, the court determined that "the record was without any factual basis to admit the *Pierringer* release into evidence." We agree with the circuit court's determination, particularly insofar as there was no evidence that the City was negligent. In the absence of such evidence, we see no basis for concluding that Peralta changed her litigation posture because of her settlement with the City.

¶11 Davis directs our attention to *Allsop*, in which our supreme court affirmed a circuit court decision to admit evidence of the plaintiffs' settlement with two of the three original defendants. *Id.*, ¶¶1, 3. Because the circuit court had "no doubt … that the posture of the … plaintiffs has changed as a result of the *Pierringer* settlement," *id.*, ¶26 n.14, our supreme court concluded that the circuit

court had "applied the appropriate law and reached a reasonable determination that an exception applied under the unique facts of this case." *Id.*, ¶3.

¶12     We can readily distinguish *Allsop* because the evidence in that trial established that the settling parties' wrongful conduct had contributed to the plaintiffs' injury. *Id.*, ¶20.  In contrast, as explained above, the circuit court determined in the present case that there was no evidence that the City engaged in any wrongful conduct.  Without evidence that the City was at fault, Davis's effort to characterize Peralta as prejudiced or biased fails.

¶13     Davis's final argument is that the circuit court failed to properly instruct the jury.  "A circuit court … has broad discretion in instructing a jury." *Weborg v. Jenny*, 2012 WI 67, ¶42, 341 Wis. 2d 668, 816 N.W.2d 191.  The "facts of record must support the instruction and the instruction must correctly state the law." *Kochanski v. Speedway SuperAmerica, LLC*, 2014 WI 72, ¶10, 356 Wis. 2d 1, 850 N.W.2d 160.  "We independently review whether these two criteria are met." *Id.*

¶14     Here, the circuit court denied Davis's request to instruct the jury regarding the right-of-way at an uncontrolled intersection. *See* WIS. STAT. § 346.18(1) ("when 2 vehicles approach or enter an [uncontrolled] intersection at approximately the same time, the operator of the vehicle on the left shall yield the right-of-way to the vehicle on the right"); *see also* WIS JI—CIVIL 1155 (Right of Way: At Intersections of Highways); WIS JI—CIVIL 1157 (Right of Way: At Intersection of Highways: Ultimate Verdict Question).  Davis argues that these right-of-way instructions were necessary to reflect the fact that the intersection was uncontrolled at the time of the accident as a result of the downed stop sign.

Davis contends that the jury could have concluded that Davis had the right-of-way because he approached the intersection from the right.

¶15    The circuit court disagreed, explaining that the requested right-of-way instructions "assume that [both] parties reasonably accept that it was an uncontrolled intersection."  In the present case, however, the evidence established that Peralta was familiar with the intersection and reasonably believed that she had the right-of-way.  Relying on **Schmit v. Jansen**, 247 Wis. 648, 20 N.W.2d 542 (1945), the court concluded that under the circumstances, neither party could be deemed negligent regarding the right-of-way.

¶16    Davis argues that **Schmit** is inapplicable to the present case.  In **Schmit**, our supreme court concluded that it was reversible error to give a right-of-way instruction in a situation where the two drivers had conflicting expectations about the right-of-way due to a misplaced stop sign.  **Id.** at 650-51.  Although Davis agrees that the facts of the present case are similar to **Schmit**, Davis nonetheless argues that **Schmit** is distinguishable because the plaintiff in **Schmit** never alleged that a third party was negligent.  Here, in contrast, Peralta alleged in her complaint that the City was negligent for failing to maintain the stop sign.  Davis does not point to any authority that would support this distinction.  We therefore see no basis for concluding that the circuit court erred by following our supreme court's decision in **Schmit**.  Because the requested right-of-way instructions did not correctly reflect Wisconsin law, the circuit court properly declined to give the jury these instructions.  See **Kochanski**, 356 Wis. 2d 1, ¶10 (a jury "instruction must correctly state the law").

¶17    In addition, the facts of record did not support a right-of-way instruction.  As Peralta points out, Davis's own testimony establishes that he was

8

negligent before entering the intersection, regardless of whether he reasonably believed that he had the right-of-way. Specifically, Davis testified that he slowed down to an idle at the intersection and looked for oncoming traffic to the right and to the left before proceeding. Davis testified that he did not see Peralta's vehicle before the collision, which occurred when Davis's vehicle was only two or three feet into the intersection. Given Davis's testimony, we agree with the circuit court's determination that the facts supported instructions regarding lookout and management and control, and that instructions regarding the right-of-way would have "misstated the evidence and confused the jury."

¶18    Because we conclude that the circuit court did not erroneously exercise its discretion with respect to the special verdict, the admissibility of the *Pierringer* release, or the jury instructions, we affirm the judgment.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

9